168 So.2d 333 (1964)
AUDLANE LUMBER & BUILDERS SUPPLY, INC., a corporation, Appellant,
v.
D.E. BRITT ASSOCIATES, INC., a corporation, and Anchor Lock of Florida, Inc., a corporation, Appellees.
No. 4475.
District Court of Appeal of Florida. Second District.
October 7, 1964.
Rehearing Denied November 13, 1964.
*334 Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
Charles F. Clark, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee D.E. Britt Associates, Inc.
William T. Keen, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, and Ellis, Spencer & Butler, Hollywood, for appellee Anchor Lock of Florida, Inc.
ANDREWS, Judge.
This appeal arises from a judgment of dismissal determining that appellant Audlane Lumber and Builders Supply, Inc. had no cause of action against appellee D.E. Britt Associates, Inc. The question presented is whether one who prepared the design and specifications for a chattel may be liable, upon theories of negligence or implied warranty, to a third party who is damaged by reason of defects in such design and specifications.
The cause arose and was determined upon the complaint filed by appellant, a manufacturer and distributor of building supplies, against Anchor Lock of Florida, Inc., a manufacturer of metal plates used in the construction of wooden trusses, and D.E. Britt Associates, Inc., an engineering firm which prepared design and specifications for wooden trusses.
The complaint alleged, inter alia, facts as follow: Appellant purchased a certain quantity of metal truss plates together with design and specifications for the construction of wooden trusses from appellee Anchor Lock. The design and specifications had been prepared for Anchor Lock by appellee D.E. Britt Associates and the names of both corporations were imprinted upon the plans. Following the acquisition of the plates and plans, appellant constructed trusses according to said design and specifications and sold the trusses to a residential construction contractor. Used by the latter in the construction of a house, the trusses failed and the roof bowed, necessitating extensive replacement and repairs to the house. This failure of the trusses, allegedly due to the fact that the design and specifications by which they were constructed were faulty, improper and unfit for their purpose, eventuated in damage to appellant's business reputation, ensuing loss of profits, and the expenditure of considerable sums in identifying and repairing the fault in the trusses.
Recovery of appellant's damages was sought under theories set forth in five counts of the complaint. Two of these counts, the fourth and fifth, are of no moment on this appeal and our consideration *335 is limited to counts one through three. Counts one and three sound in negligence: The former against both defendant-appellees and the latter against defendant-appellee Britt Associates alone. Alleging that Britt Associates, in preparing the design and specifications knew that they would be sold to plaintiff and others and that these purchasers would and did rely upon their accuracy and fitness, the negligence counts continued with allegation of specific acts and evidences of negligent preparation. Count two, also containing allegation that Britt Associates knew plaintiff-appellant would purchase and rely upon the plans, alleged that Britt Associates "impliedly warranted the fitness of the design * * * for the purpose for which it was intended," that plaintiff relied upon this "warranty" and that the design and specifications were in fact not fit for their intended purpose.
Confronted with a motion to dismiss, the lower court apparently viewed neither the negligence counts nor the implied warranty count as stating a cause of action against Britt Associates. For reasons hereinafter briefly stated, we are of the view that the court erred insofar as it dismissed the action for negligence. On the other hand, we affirm dismissal of the purported action on an "implied warranty."
The lower court determined that an engineering firm that prepared design and specifications for a chattel owed no duty to third persons who might be damaged by a defect in the design and that the firm's "warranty" extended only to its client. We disagree with both of these determinations.
With respect to the negligence action and appellee Britt Associates' "duty", there is no magic in the generality "professional service." The phrase "professional services" encompasses a multitude of activities which may give rise to actions on numerous theories of liability. The nature of the professional's duty, the standard of care imposed, varies in different circumstances. So, too, the extent of the duty, the delimitation of the objects of the duty, varies. In every instance duty must be defined in terms of the circumstances and the theories advanced to sustain liability. In our view the extent of appellee's duty may best be defined by reference to the forseeability of injury consequent upon breach of that duty. The complaint alleged that appellee knew that the design and specifications it prepared would be resold to and used by various fabricators. To argue that it is absolutely free of liability for negligence to these known users or consumers of its work is to disregard the half century of development in negligence law popularly thought to have originated in McPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696 (1916) and explicitly recognized in this State in Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299. The allegations of the complaint bring appellant within the ambit of Britt Associates' duty and the court erred in its contrary determination.
With respect to the alleged "implied warranty of fitness," we see no reason for application of this theory in circumstances involving professional liability. Unlike the lower court, however, we do not base our decision on the narrow ground of privity. An engineer, or any other so-called professional, does not "warrant" his service or the tangible evidence of his skill to be "merchantable" or "fit for an intended use." These are terms uniquely applicable to goods. Rather, in the preparation of design and specifications as the basis of construction, the engineer or architect "warrants" that he will or has exercised his skill according to a certain standard of care, that he acted reasonably and without neglect. Breach of this "warranty" occurs if he was negligent. Accordingly, the elements of an action for negligence and for breach of the "implied warranty" are the same. The use of the term "implied warranty" in these circumstances merely introduces further confusion into an area of law where confusion abounds.
The judgment appealed insofar as it dismisses appellant's action for negligence *336 against D.E. Britt Associates, Inc., is reversed and the cause remanded for further proceedings not inconsistent with the foregoing opinion and judgment.
Affirmed in part, reversed in part and remanded.
ALLEN, Acting C.J., and BARNS, PAUL D., Associate Judge, concur.