572 P.2d 1220 (1977)
JOHNSON-VOILAND-ARCHULETA, INC., a Colorado Corporation, Plaintiff-Appellee,
v.
ROARK ASSOCIATES, a partnership, Donald R. Roark, Individually and as a partner of Roark Associates, Michael D. Kephart, Individually and as a partner of Roark Associates, Jack N. Bell, Individually and as a partner of Roark Associates, Patricia C. Shanholtzer, Individually and as a partner of Roark Associates, Michael A. Nowak, Individually and as a partner of Roark Associates, and Alfred E. Harris, Individually and as a partner of Roark Associates, Defendants-Appellants.
No. 77-225.
Colorado Court of Appeals, Div. II.
December 15, 1977.
*1221 Hutchinson, Black, Hill, Buchanan & Cook, Forrest E. Cook, Boulder, for plaintiff-appellee.
Louis A. Weltzer, Denver, for defendants-appellants.
SMITH, Judge.
Plaintiff brought this action against the defendants to recover sums allegedly due for professional engineering services. Trial was to the court which entered judgment in favor of the plaintiff and against the defendants in the amount of $9,604.50 plus interest, costs, and certain attorneys' fees.
Appealing from the adverse judgment, the defendants' sole contention is that the trial court erred in ruling that the professional engineering services performed by the plaintiff were not subject to an implied warranty of fitness for their intended use. We affirm.
Although there are no Colorado cases dealing specifically with the question of whether professional engineers, in preparing drawings and specifications for construction projects, impliedly warrant that such plans and specifications are fit for their intended use, in Samuelson v. Chutich, 187 Colo. 155, 529 P.2d 631, 633 (1974), the Colorado Supreme Court enunciated the general rule that the doctrine of implied warranties is not applicable to service contracts. In so ruling the court stated:
"We regard it as the better part of wisdom not to extend as a matter of law implied warranties from sales to service contracts. We believe it the better rule to limit liability to acts of negligence.. . ."
Accord: Strong v. Retail Credit Co., Colo.App., 552 P.2d 1025 (1976).
Accordingly, since plaintiff's claim against the defendant was clearly based on the performance of professional engineering services and not on a sale of goods, under the mandate of Samuelson v. Chutich, supra, the trial court was correct in concluding that the professional engineering services performed by plaintiff for the defendants were not subject to any implied warranties.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.