584 P.2d 199

**Sandra Y. ELDRIDGE and Tina M. Ulibarri, Plaintiffs-Appellants,**

v.

**SANDOVAL COUNTY, Defendant-Appellee.**

**No. 3476.**

Court of Appeals of New Mexico.

Aug. 29, 1978.

James L. Brandenburg and Fred M. Calkins, Jr., Albuquerque, for plaintiffs-appellants.

Louis E. Valencia, Chief Deputy Dist. Atty., Bernalillo, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The appeal involves the 1976 Tort Claims Act (Laws 1976, ch. 58) prior to the 1977 amendments to that Act (Laws 1977, ch. 386). Sandoval County did not have insurance coverage for the negligence alleged in plaintiffs' complaint. The trial court granted Sandoval County's motion to dismiss on the basis that plaintiffs were without a remedy. The issues are: (1) whether the County may be liable in the absence of insurance coverage; and (2) the propriety of dismissal for failure to state a claim upon which relief can be granted.

Plaintiffs assert they were the driver of, and a passenger in, a car which struck a protruding manhole cover in a road allegedly negligently maintained by the County. Plaintiffs sought damages for the alleged negligence. Laws 1976, ch. 58, § 4 grants "immunity from liability for any tort except as provided in the Tort Claims Act." Under § 11(A) of the 1976 law, the immunity granted in § 4 does not apply to negligence in the maintenance of a roadway except as provided in § 11(B). Section 11(B) is not involved in this appeal. The waiver of immunity in § 11(A) is limited; under § 17(E), immunity is waived "to the extent there exists any valid insurance coverage." It being undisputed that the County did not have insurance covering plaintiffs' claims, the trial court granted the County's motion to dismiss.

### Liability in the Absence of Insurance

Plaintiffs contend that public policy and legislative intent prohibit the County from escaping liability by failing to acquire insurance coverage. They rely on language in *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975) which describes sovereign immunity as a "legal anachronism" that "can no longer be justified". *Hicks* delayed abolition of the immunity defense until July 1, 1976 in order to permit governmental units to plan in advance for this change. Plaintiffs point out that the 1976 Tort Claims Act contemplated the purchase of insurance to cover immunity from liability waived by that Act. Discussing the Act, *England v. New Mexico State Highway Com'n,* 91 N.M. 406, 575 P.2d 96 (1978) states "that the insurance coverage was required by legislative mandate." Plaintiffs assert that the policy considerations stated in *Hicks, supra,* and the legislative intent of the 1976 Act prohibit the County from escaping liability. Plaintiffs argue that having failed to comply with the legislative mandate, the County should be held liable as a self-insurer. See *Sturdivant v. City of Farmington,* 255 Ark. 415, 500 S.W.2d 769 (1973).

While plaintiffs' contentions are attractive, they overlook other provisions of the 1976 Act which overrode the policy statements in *Hicks v. State, supra,* and stated a

legislative intent to limit liability in the absence of insurance. See *Chavez v. Mountainair School Board,* 80 N.M. 450, 457 P.2d 382 (Ct.App.1969).

■ Section 2 of the 1976 Act states: "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act". Section 18 of the 1976 Act states: "Notwithstanding any other provision of the Tort Claims Act, the liability assumed under that act shall be limited to insured risks and the amount of insurance coverage." These provisions negate plaintiffs' theory of self-insurance, limit the County's liability to the amount of insurance coverage, and permit the County to escape liability on the basis there was no insurance coverage.

*Dismissal for Failure to State a Claim*

■ The trial court's dismissal of the complaint for failure to state a claim upon which relief could be granted was a dismissal under Rule of Civ.Proc. 12(b)(6). Dismissal under this rule is proper only if it appears that plaintiffs cannot recover under any state of facts provable under the claims made. *Delgado v. Costello,* 91 N.M. 732, 580 P.2d 500 (Ct.App.1978).

Since the Legislature "mandated" insurance coverage for the negligence alleged in the complaint, *England v. New Mexico State Highway Com'n, supra,* plaintiffs contend that the County was required to make a good faith effort to obtain insurance. Absent a showing by the County that it made such a good faith effort, plaintiffs contend that dismissal was premature. "[I]f it were established . . . that the County of Sandoval simply ignored the legislative mandate to purchase insurance, then there would be no question that Sandoval County would have to pay any damages assessed by a Court or Jury."

We do not answer this contention on procedural grounds; that is, on the basis that dismissal was improper because there was a required "showing" that was missing which, if made, would have converted the motion to dismiss to a motion for summary judgment. See Rule of Civ.Proc. 12(b). We answer plaintiffs' claim on the merits.

Plaintiffs' claim is based on that part of Laws 1976, ch. 58, § 18 which reads:

It shall be the duty of governmental entities to make a good faith effort at the earliest practical time to purchase and maintain insurance coverage for the liabilities assumed under the Tort Claims Act to the extent such coverage may be reasonably available in a competitive market. If such insurance is available, it shall be the duty of the governmental entity to purchase and maintain such insurance.

Plaintiffs contend that if the County failed to make a good faith effort to obtain insurance coverage, the County would be liable even in the absence of insurance. Under this contention, dismissal would have been improper because plaintiffs could recover if the good faith effort was not made. We disagree.

We have previously quoted another provision in § 18 of the 1976 Act which limits liability to the amount of insurance coverage "[n]otwithstanding any other provision of the Tort Claims Act". The legislative intent expressed in the "notwithstanding" provision is clear—if there is no insurance, there is no liability.

■ If, as plaintiffs contend, the County failed to make a good faith effort to obtain insurance, plaintiffs obtain no benefit from this failure because liability is limited to the amount of the insurance coverage. Laws 1976, ch. 58, § 18. If the failure to make a good faith effort to obtain insurance should be considered as a separate tort, see *Brennen v. City of Eugene,* 30 Or.App. 1093, 569 P.2d 1083 (1977), the County is immune from this separate tort liability. Section 4(A) of the 1976 Act grants "immunity from liability for *any* tort except as provided in the Tort Claims Act." (Emphasis added.) Section 15 of the 1976 Act states the remedy "provided by the Tort Claims Act shall be exclusive". The 1976 Act does not provide for liability of the County for failure to make a good faith effort to ob-

tain insurance. See Kovnat, *Torts: Sovereign and Governmental Immunity in New Mexico*, 6 N.M.L.Rev. (1975) 249 at 263.

Since the County is not liable to plaintiffs even if the County failed to make a good faith effort to obtain insurance, the motion to dismiss was properly granted. With this result, we do not reach the related question of whether, under the 1976 Act, plaintiffs had standing to sue to compel the County to obtain insurance. We note the standing question has been resolved by the 1977 amendments. Compare Laws 1976, ch. 58, § 15 and 6 N.M.L.Rev., supra, Note 86 at 266 with Laws 1977, ch. 386, § 19(C).

The order dismissing plaintiffs' complaint is affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.