735 P.2d 1151

**Isabel HERN, Individually and as Administrator of the Estate of Apolinar Paul Moraga, Plaintiff-Appellant,**

v.

**Roger CRIST, Chairman of the Board of Corrections, State of New Mexico, Jerry Griffin, Warden, New Mexico State Penitentiary, Felix Rodriguez, Secretary of Corrections, the New Mexico Department of Corrections, Defendants-Appellees.**

No. 8251.

Court of Appeals of New Mexico.

Feb. 4, 1987.

Certiorari Denied April 21, 1987.

Jack L. Love, Love & McClelland, Albuquerque, for plaintiff-appellant.

Charles E. Stuckey, Douglas A. Baker, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Patrick M. Shay, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, individually and in her capacity as the administrator of the estate of Apolinar Paul Moraga, deceased, appeals from an order of the trial court dismissing her complaint on defendants' motion for failure to state a claim, or alternatively for summary judgment. The single issue presented on appeal is whether the trial court erred in dismissing plaintiff's causes of action for wrongful death and deprivation of civil rights. We affirm.

Plaintiff filed suit herein against defendants Roger Crist in his capacity as Chairman of the Board of Corrections; Jerry Griffin, Warden, New Mexico State Penitentiary; Felix Rodriguez, Deputy Secretary of Corrections (erroneously named as

Secretary of Corrections); and the New Mexico Department of Corrections. The complaint contained two counts: Count I alleged that defendants Crist, Griffin and Rodriguez in their capacity as public officials, and the Department of Corrections as a governmental entity, were each negligent in failing to adequately maintain security, supervise operation of the penitentiary, and protect decedent, thereby permitting an assault by other inmates and Moraga's death on October 24, 1980. Plaintiff also alleged failure to provide adequate medical care to decedent Moraga. Count II alleged that defendants acted to deprive decedent of his state and federal civil rights, including his rights under Title 42, U.S.C.A. Section 1983 (West 1981).

Defendants filed answers denying the allegations, and on August 20, 1984, filed a motion to dismiss plaintiff's complaint for failure to state a claim or, in the alternative, for summary judgment. In support of the motion, defendants submitted affidavits of Felix Rodriguez and Roger W. Crist and copies of court orders issued in other suits filed against the warden of the state penitentiary and other public officers.

Defendants challenge the accuracy of plaintiff's allegations contained in the complaint concerning the positions defendants allegedly held at the time of decedent's death. The affidavits of Rodriguez and Crist state that as of the date of the alleged incident on October 25, 1980, Rodriguez was Deputy Secretary of Corrections, not Secretary; that Crist did not become affiliated with the penitentiary or the Department of Corrections until after the incident; and that Griffin's affiliation terminated prior to the incident.

Plaintiff's complaint did not allege the basis for asserting individual claims against defendants. The record does not contain any depositions or affidavits in opposition to defendants' motion to dismiss or motion for summary judgment and, even though plaintiff's reply brief refers to other documents generally, they are not before us on appeal.

Following a hearing on defendants' alternative motion, the trial court entered an order of dismissal on November 15, 1984, finding that the motion to dismiss was well-taken and dismissing plaintiff's complaint.

## PROPRIETY OF THE ORDER OF DISMISSAL

Plaintiff argues on appeal that the trial court erred in dismissing her complaint and cause of action for wrongful death and violation of civil rights. Plaintiff's reply brief concedes, however, that the case "should be dismissed as to the defendant Crist." We therefore consider the issue of Crist's liability under both counts as abandoned. *See State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). We discuss jointly the propriety of dismissal of both counts of plaintiff's complaint as to Griffin, Rodriguez and the State Department of Corrections.

■ In considering a motion to dismiss under SCRA 1986, Rule 1–012(B)(6), the well-pleaded facts alleged in the complaint are taken as true. *State ex rel. Risk Management Division v. Gathman-Matotan Architects & Planners, Inc.,* 98 N.M. 790, 653 P.2d 166 (Ct.App.1982). In order to state a cause of action, plaintiff must allege facts which, if proven, would allow relief. *Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct.App.1983). A motion to dismiss should not be granted unless the court determines that the plaintiff cannot obtain relief under any state of facts provable under the alleged claims. *Eldridge v. Sandoval County,* 92 N.M. 152, 584 P.2d 199 (Ct.App.1978).

Plaintiff, attempting to circumvent sovereign immunity defenses, contends in her reply brief that Count I of her complaint states only a common law wrongful death action. The Tort Claims Act, NMSA 1978, Section 41–4–1 to –27 (Repl.1986), however, is the exclusive remedy against a governmental entity or public employee for torts where immunity is waived by provisions of the Act. § 41–4–17; *see also Methola v. County of Eddy,* 95 N.M. 329, 622 P.2d 234 (1980).

■ Plaintiff's brief-in-chief concedes that Count I states a claim for relief only if the immunity provisions of the Tort Claims

Act are not present. Because the Act's waiver of immunity provisions contained in Sections 41–4–5 to –12 do not apply to defendants' conduct, plaintiff's Count I fails to state a claim for relief against all defendants acting in their official capacity and against the Department of Corrections. *See Anchondo v. Corrections Department,* 100 N.M. 108, 666 P.2d 1255 (1983); *Wittkowski v. State,* 103 N.M. 526, 710 P.2d 93 (Ct.App.1985).

■ Although the caption of plaintiff's complaint indicated that plaintiff brought suit as personal representative of decedent Moraga's estate and individually, the body of the complaint did not allege a basis for plaintiff's individual claim against defendants. Dismissal of plaintiff's individual claim was also proper.

■ Plaintiff's contention that defendants waived the defense of immunity because it was only raised at the motion hearing and not by motion or in their answers is without merit. While we deem it preferable practice for the immunity defense to be specifically raised as an affirmative defense or by way of a motion to dismiss, a failure to affirmatively plead this defense does not amount to a waiver. *See Maes v. Old Lincoln County Memorial Commission,* 64 N.M. 475, 330 P.2d 556 (1958); *Vigil v. State,* 56 N.M. 411, 244 P.2d 1110 (1952). The defense of sovereign immunity may properly be raised incident to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 1–012(B)(6). *Cf. Julius Rothschild & Co. v. State,* 66 Haw. 76, 655 P.2d 877 (1982) (where court held that when state does not raise the discretionary function exception defense in its responsive pleadings, it may raise that defense by motion). The claim of immunity may also be raised for the first time even upon appeal. *Maes v. Old Lincoln County Memorial Commission.*

■ Defendants submitted the affidavits of Rodriguez and Crist in support of their motion to dismiss. Where matters outside the pleadings are presented and not excluded by the court, the motion to dismiss will be treated as a motion for summary judgment. *Romero v. U.S. Life Insurance Co.,* 104 N.M. 241, 719 P.2d 819 (Ct.App.1986); *Knippel v. Northern Communications, Inc.,* 97 N.M. 401, 640 P.2d 507 (Ct.App.1982). Summary judgment provides a method to determine whether plaintiff has a genuine claim for relief prior to trial. *Pederson v. Lothman,* 63 N.M. 364, 320 P.2d 378 (1958). When a Rule 1–012(B) motion is converted into a summary judgment motion and the movant has satisfied its burden under SCRA 1986, Rule 1–056 establishing a prima facie case for summary judgment, the opposing party must come forward and show the existence of a genuine issue of material fact rendering summary judgment inappropriate. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

Plaintiff alleged that defendant Griffin acted negligently and that this negligence resulted in the death of Moraga. As shown by the affidavit of Rodriguez, Griffin was warden of the penitentiary from March 1979 through April 1980, but, thereafter, was not connected with the penitentiary. Plaintiff's complaint also alleged that defendant Rodriguez was Secretary of Corrections. Defendant Rodriguez asserts in his affidavit, however, that, at all times material hereto, he never served in that capacity but only as Deputy Secretary of Correction for Operations.

■ The affidavits of defendants Rodriguez and Crist established a prima facie case indicating that Griffin did not serve in a position controlling the operation of the penitentiary at the time of Moraga's death. Because plaintiff did not present facts or evidence to controvert this claim, the record before us fails to indicate the existence of any genuine issue of material facts as to Griffin to establish his responsibility for supervision or control of the operation of the penitentiary or its inmates, and which proximately caused Moraga's death on October 24, 1980.

■ Although dismissal of Count I against Rodriguez on the basis of immunity was proper as noted previously, summary judgment of both counts predicated alone

on the misallegation of Rodriguez's capacity would be improper. *See* SCRA 1986, Rule 1–009; *see also In re Ove's Estate,* 114 Colo. 286, 163 P.2d 651 (1945) (en banc); *Weiler v. Ross,* 80 Nev. 380, 395 P.2d 323 (1964); *see also* Annot., 8 A.L.R.2d 6 (1949).

■ Plaintiff contends that because the trial court's order of dismissal dealt only with defendants' motion to dismiss for failure to state a cause of action under Rule 1–012(B)(6), the trial court failed to grant summary judgment. Plaintiff argues that, in this posture, the summary judgment issue should not be reviewed herein and the case should be remanded for a hearing on defendants' motion for summary judgment. We do not read the trial court's order of dismissal so narrowly. Defendants' motion to dismiss was predicated upon two grounds: the failure to state a cause of action and, alternatively, a motion for summary judgment supported by accompanying affidavits. Plaintiff had a full and fair opportunity to submit pertinent materials and to argue the impropriety of the summary judgment. *Cf. Santistevan v. Centinel Bank of Taos,* 96 N.M. 734, 634 P.2d 1286 (Ct.App.1980). The affidavits before the trial court converted the motion to dismiss into one for summary judgment; the dismissal order was a summary judgment favoring defendants. *Emery v. University of New Mexico Medical Center,* 96 N.M. 144, 628 P.2d 1140 (Ct.App.1981). In any event, whether the basis for the dismissal is ascribed to a ruling under Rule 1–012(B)(6), or summary judgment, the trial court's order of dismissal as to Crist, Griffin, Rodriguez and the Department of Corrections was proper.

■ Insofar as plaintiff's complaint sought to state a claim against the Department of Corrections under Count II, this court has previously ruled that the Department of Corrections is not a "person" within the meaning of Section 1983. *DeVargas v. State ex rel. New Mexico Department of Corrections,* 97 N.M. 447, 640 P.2d 1327 (Ct.App.1981). Because Section 1983 applies only to persons, the dismissal as to this claim was proper. *Id.* While not conceding its correctness, plaintiff admits this is the law. In addition, summary judgment on Count II is appropriate as to defendant Griffin for the same reasons stated regarding Count I.

■ With respect to plaintiff's claim against Rodriguez, supervisory liability does not exist under a claim grounded upon a Section 1983 violation where the complaint fails to assert personal responsibility against defendants for deprivation of constitutional rights. *DeVargas v. State ex rel. New Mexico Department of Corrections.* Plaintiff alleges that defendants knew or should have known that the state prison was inadequately maintained and supervised and that it was highly foreseeable that a prisoner, such as plaintiff, would be a victim of attacks by other prisoners. Even if plaintiff's complaint can be said to state a claim against Rodriguez, nevertheless, it still fails for want of a genuine issue of material fact.

Other courts have found an alleged breach of duty of supervision actionable under Section 1983 when defendant was in a position of responsibility, knew or should have known of the misconduct, and failed to prevent future harm. *McClelland v. Facteau,* 610 F.2d 693 (10th Cir.1979); *see also Withers v. Levine,* 615 F.2d 158 (4th Cir.1980) (in order for prisoner to obtain relief for deprivation of constitutional right to be protected from threat of violence, he must show a pervasive risk of harm to an identifiable group of prisoners from other prisoners and that prison officials have failed to exercise reasonable care to prevent harm or risk of harm).

■ It is plaintiff's burden to show, in response to a motion for summary judgment, that defendant was adequately put on notice of prior misbehavior. *McClelland v. Facteau.* Generally, a single incident or isolated incidents is insufficient to establish notice or a pervasive risk of harm. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Withers v. Levine.*

■ Because plaintiff has failed to allege any prior acts or threats of physical violence towards the prison population or

decedent, an issue of material fact as to the requisite prior notice has not been established. Summary judgment of Count II as to Rodriguez is affirmed.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.