883 P.2d 133

**ADOBE MASTERS, INC.,**
Plaintiff–Appellee,

v.

**Roger N. DOWNEY, Defendant–
Cross–Claimant–Appellant,**

and

**Richard Rappuhn, Defendant–Cross–
Defendant–Appellee.**

No. 21344.

Supreme Court of New Mexico.

Sept. 15, 1994.

Crider, Calvert & Bingham, P.C., Carl A. Calvert, Stevan D. Looney, Albuquerque, for appellant.

Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, P.A., Randolph B. Felker, Santa Fe, for appellee Adobe Masters, Inc.

Hatch, Allen & Shepherd, P.A., Gerald G. Dixon, Daniel W. Lewis, Albuquerque, for appellee Richard Rappuhn.

*OPINION*

FRANCHINI, Justice.

Roger N. Downey appeals from a partial summary judgment dismissing with prejudice his breach of contract claims against Richard Rappuhn. In his motion for summary judgment, Rappuhn argued that an individual "cannot maintain a claim for breach of contract against a design professional under New Mexico law." Rappuhn relied on, and the trial court orally cited, *State ex rel. Risk Management Division v. Gathman–Matotan Architects & Planners, Inc.*, 98 N.M. 790, 653 P.2d 166 (Ct.App.), *cert. quashed*, 99 N.M. 47, 653 P.2d 878 (1982). We hold that New Mexico does recognize breach of contract claims against design professionals. We further hold, however, that under the facts of this case Downey consented to dismissal of all breach of warranty claims and that the jury instructions sufficiently presented his breach of contract claims, rendering the court's error harmless. We affirm the judgment.

*Facts and proceedings.* Downey contracted with architect Rappuhn to design Downey's home and to administer the construction contract Downey procured with Adobe Masters, Inc. Before construction was completed, a dispute arose between Downey and Adobe Masters. Downey terminated the contract and Adobe Masters filed suit against both Downey and Rappuhn, requesting specific performance, damages, and enforcement of a lien placed upon the real property. Downey counterclaimed against Adobe Masters for breach of contract and negligence and brought a crossclaim against Rappuhn for, *inter alia,* breach of contract and negligence. The court dismissed Downey's breach of contract claims against Rappuhn in a summary judgment. After a protracted trial on the merits [1], the jury found in favor of Rappuhn against both Adobe Masters and Downey.

■ *Claims for substandard services arising from contract may be brought either under negligence or breach of contract causes of action.* When professional services arising from contract are substandard, a plaintiff may bring a cause of action for malpractice based on negligence or for breach of contract arising from the breach of the implied warranty to use reasonable skill. *Ruiz v. Southern Pac. Transp. Co.*, 97 N.M. 194, 200, 638 P.2d 406, 412 (Ct.App.) (stating that providing negligent services may trigger ordinary negligence, malpractice, or breach of contract actions), *cert. quashed*, 97 N.M. 242, 638 P.2d 1087 (1981). In either case, the standard of care is the same and is measured by the duty to apply the knowledge, care, and skill of reasonably well-qualified professionals practicing under similar circumstances. *Gathman–Matotan*, 98 N.M. at 793, 653 P.2d at 169 (stating that "the requirements of proof inherent in the application of the warranty [to use reasonable skill] are similar to a cause of action in tort negligence"). If the plaintiff establishes that the services were substandard under all theories, the plaintiff must elect his damages. *See Hood v. Fulkerson*, 102 N.M. 677, 679–80, 699 P.2d 608, 610–11 (1985) (discussing election of damages when claim for substandard services has been brought and proved under theories of negligence and breach of contract). The action under contract should not have been dismissed on summary judgment. Although *Gathman–Matotan* stands for the proposition that New Mexico does not recognize a "cause of action against an architect for breach of an implied warranty to furnish plans and specifications adequate for a specified purpose," 98 N.M. at 792, 653 P.2d at 168, it does not stand for the proposition urged by Rappuhn that breach of contract actions against architects are limited to claims for breach of express warranty or complete non-performance.

■ *Downey conceded to dismissal of breach of warranty claims.* Rappuhn's motion requested the dismissal of Downey's breach of contract action. At the summary judgment hearing, Rappuhn argued that Downey should be allowed to proceed against him under only a negligence theory and requested that any breach of warranty claims under the contract be dismissed under the authority of *Gathman–Matotan.* In his writ-

---

1. Downey's counsel on appeal was not his counsel at trial.

ten response, Downey alleged that "Rappuhn's performance as an architect fell below the standard of care for architects" and that he "was negligent in providing his services pursuant to the terms of the contract." He raised no arguments regarding *Gathman–Matotan* and stated that he was willing to amend his crossclaim "in conformity with the order of the Court." At the hearing Downey conceded that every breach of contract claim he had against Rappuhn also could be a claim of violation of standard of care in the exercise of Rappuhn's duty as an architect. He stated that he had "no problem [characterizing his claim as a negligence action] if the Court would allow me to essentially amend the claim." Downey never argued the issue he now raises on appeal—that a claim for breach of contract is recognized in New Mexico; nor did he argue that Rappuhn breached an express contract term apart from negligently performing those terms; neither did he argue that Rappuhn's interpretation of *Gathman–Matotan* was incorrect. *See* SCRA 1986, 12–216(A) (Repl.Pamp.1992) (preservation of error); *American Bank of Commerce v. United States Fidelity & Guar. Co.*, 85 N.M. 478, 478, 513 P.2d 1260, 1260 (1973) ("A party cannot change his theory on appeal.").

The court orally dismissed the "breach of warranty" claims (which it obviously considered to be the universe of Downey's contract claims) under *Gathman* and allowed the negligence claims to remain. In its written order, the court dismissed the "breach of contract" claims. Downey's counsel refused to sign the order because it contained the term "contract" instead of "warranty".

After a sixteen-day trial, during which Downey testified, presented expert testimony, and submitted the contract as evidence, the court instructed the jury on every allegation asserted at the summary judgment hearing in which Downey claimed that Rappuhn was negligent and, thereby, breached the contract.

Downey complains that dismissal of the contract action denied him the benefit of contract jury instructions on liability and damages. We disagree. The breaches complained of had to be measured using expert testimony about professional standards un-

less the particular acts were breaches of duty within a layman's common knowledge. *See Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 758, 568 P.2d 589, 594 (1977). Downey had made no allegations of express breach at the summary judgment hearing that could be determined under regular contract instructions.

Downey further claims that he was prejudiced because "the jury was instructed to ignore any of Downey's testimony which touched upon the subject of Rappuhn's failures." Although no expert is needed to determine whether a party has totally breached a specific term of a professional service contract that does *not* call into question the performance standards of the profession, there were no such breaches at issue in this case. All of the "express warranties" Downey points to on appeal had to be determined by comparing Rappuhn's performance with the standard of care of design professionals. Further, the court instructed the jury that it was to consider "the testimony of the witnesses and the exhibits admitted into evidence," and that it was to consider evidence presented by architects testifying as expert witnesses to determine whether Rappuhn applied the knowledge and skill required by law. The jury was never instructed to ignore Downey's testimony.

■ In professional negligence cases, both breach of the implied warranty to use reasonable skill under contract law and negligence resulting in a finding of malpractice must be proved by expert testimony *unless* the case is one where exceptional circumstances within the common experience or knowledge of a layman are present. *Pharmaseal*, 90 N.M. at 758, 568 P.2d at 594. If Downey's claim was, indeed, that Rappuhn's breach was also one of express warranties within the experience of laymen, Downey could have requested such an instruction notwithstanding the fact that his case was limited to a negligence theory. On review of the record, it appears that Downey did not request any other instructions than the ones given. He cannot now complain of error. *See Budagher v. Amrep Corp.*, 97 N.M. 116, 119, 637 P.2d 547, 550 (1981) (stating that to preserve error to a given instruction, party

**550**

must either tender a correct instruction or alert the trial court to the fact that the court's instruction is erroneous).

*Conclusion.* We hold that the court erred in dismissing Downey's breach of contract action but that the error was harmless under the facts of the case. We affirm the judgment of the trial court.

**IT IS SO ORDERED.**

BACA and FROST, JJ., concur.