[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS THE LUKMIRE PARTNERSHIP, INC., WILLIAM EVANS AND GREG LUKMIRE MOTION TO STRIKE (#215)
The plaintiff Amity Regional School District No. 5 (Amity) has sued fourteen defendants in thirty-seven counts, seeking to recover damages related to the construction work performed on the Amity Regional High School located in Woodbridge, Connecticut. Only Atlas Construction Company, the plaintiff in a consolidated case,[1] has answered the complaint.
By way of background, the defendants Maguire Group Architects, Inc. and Maguire Group, Inc. (Maguire Group) entered into a contract with Amity to provide architectural engineering design services as well as administer the bidding and construction on behalf of Amity in connection with certain renovations and additions to the Amity Regional High School. Subsequently, the Maguire Group entered into a subcontract with Lukmire to perform certain architectural engineering and design services on the project. The defendants William Evans and Gregory Lukmire are architects employed by Lukmire and will collectively be referred to as "Lukmire".
Counts thirty-two through thirty-six of the complaint are asserted against several of the defendants, including Lukmire, claiming negligence (count thirty-two), misrepresentation (count thirty-three), negligent misrepresentation (count thirty-four), fraudulent misrepresentation (count thirty-five) and violation of CUTPA (count thirty-six). Lukmire has moved to strike these these claims on the basis that they are barred by the economic loss doctrine, and because count thirty-six in particular seeks to improperly assert a CUTPA claim against a professional provider of services.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint. . . . and cannot be aided by the assumption of any facts not therein CT Page 8824 alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id.
Amity contends that the economic loss doctrine is not recognized in Connecticut jurisprudence. The Connecticut Supreme Court, however, has specifically relied on the economic loss rule to affirm the striking of a complaint in a Uniform Commercial Code (UCC) case. Flag EnergyDevelopment Corp. v. General Motors Corp., 244 Conn. 126, 153 (1998).
While the present case does not involve the sale of goods under the UCC, the analysis and application of the economic loss rule are equally applicable. The thrust of the common law economic loss rule is that in the absence of privity of contract between the plaintiff and the defendant, or, in the absence of an injury to the plaintiff's person or property, the plaintiff may not recover in tort for a purely economic loss.Connecticut Mutual Life Ins. Co. v. N.Y. N.H.R.R. Co., 25 Conn. 265
(1856). The economic loss rule has been applied in other jurisdictions to bar contractor tort claims against design professionals for economic loss. See Lincoln Park West Condominium Ass'n v. Mann, Gin, Edel, Frazier, Ltd., 555 N.E.2d 346, 351 (Ill.Sup.Ct. 1990) and Floor CraftFloor Covering, Inc. v. Parma Community General Hosp. Ass'n. ,560 N.E.2d 206, 212 (Ohio Sup.Ct. 1990) ("[N]o cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications.") The Second Circuit applying New York law affirmed the dismissal of a negligence action for economic loss on the basis that privity of contract is a prerequisite to such a claim. SeeWidett v. United States Fidelity Guar. Co., 815 F.2d 885, 887 (2nd
Cir. 1987)
Amity contends that its claim for loss of use is a property damage claim that avoids the application of the economic loss rule. The court finds, however, that Amity's claim alleges a commercial loss of the type that requires privity of contract, a prerequisite that is lacking in this case. Without privity between Amity and Lukmire, and without an allegation of direct personal injury or property damage caused by Lukmire, Lukmire owed no duty of care to Amity and cannot be held responsible to Amity in tort for economic damages. Counts thirty-two through thirty five are stricken as to this defendant.
Count thirty-six of the complaint asserts that the same acts or omissions by Lukmire as alleged in count thirty-two constituted an unfair CT Page 8825 trade practice in violation of Connecticut's Unfair Trade Practices Act (CUTPA), Gen. Stat. § 42-110 (a) et seq. Count thirty-six must be stricken for two reasons.
First, count thirty-two is barred by the economic loss doctrine, and the derivative nature of the CUTPA claim is deprived of its necessary precedent. In addition, the allegations asserted in that count do not include conduct that offends public policy, or constitute an immoral, unethical, oppressive or unscrupulous act under the "cigarette rule". SeeAssociated Investment Co. Ltd. Partnership v. Williams Associates IV,230 Conn. 148, 155 (1994).
Second, CUTPA is inapplicable to professional services such as those provided by Lukmire. See Haynes v. Yale-New Haven Hospital, 243 Conn. 17
(1997). Count thirty-six is stricken as to this defendant.
For the reasons outlined above, Lukmire's motion to strike (#215) counts thirty-two through thirty-six of the complaint is granted, as to this defendant.
ROBERT F. McWEENY, J.