[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#112)
This case commenced with a small claims action by the plaintiff John Cruet, Jr. (Cruet), a licensed architect, seeking the balance of a fee for architectural services from the. defendant Robert Carroll (Carroll). The services were related to the design and construction of a summer home on Carroll's property located in Branford, Connecticut. In response to the small claims action, Carroll filed a counterclaim against Cruet in four counts;[1] breach of contract (count one); negligence (count two); breach of the implied warranty of fitness for a particular purpose (count three); and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. ("CUTPA") (count four).
In his motion to strike, the plaintiff seeks to strike counts three and four, as well as the claims for punitive damages and attorneys fees asserted under CUTPA in the ad damnum clause.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of the complaint . . . to state a claim upon which relief can be granted . . . (Citations omitted; internal quotations marks omitted.) Peter-Michael, Inc. v. Seashell Associates,244 Conn. 269, 270 (1998) "A motion to strike admits all facts well pleaded." Parsons v. United Technology Corp., 243 Conn. 66, 68 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). "A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CVS, Inc., 196 Conn. 91, 108 (1985). "The court must construe the facts in the complaint most favorable to the plaintiff." Faulkner v. United Technologies Corp., 240 Conn. 576, 580
CT Page 15941-jr (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citation omitted.) Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
The parties agreed on or about August 12, 1998,[2] that the plaintiff, a licensed architect, would provide architectural services to the defendant Carroll, a property owner, with respect to the construction of Carroll's summer home in Branford, Connecticut.
 I Implied Warranty of Fitness for a Particular Purpose
The implied warranty of fitness is recognized in Connecticut under the Uniform Commercial Code (UCC) at General Statutes § 42a-2-315. The parties agree, however, that the UCC applies to the sale of goods and would not include the contract for professional services at issue in this case. Accordingly, the implied warranty of fitness claimed by Carroll would have to exist under the common law.
There is no controlling Connecticut law as to the existence of an implied warranty of fitness in the context of professional services.[3]
The majority rule in other jurisdictions does not recognize the existence of the implied warranty of fitness with respect to professional services, including those of an architect. "[A] solid majority of jurisdictions have refused to hold that architects and design professionals impliedly warrant perfect plans or satisfactory results, but rather, limit the liability of architects to those situations which the professional is negligent in the provision of his or her services." SMEIndustries, Inc. v. Thomson, Ventulett, Stainback Associates, Inc.,28 P.3d 669, 678 (Utah 2001). See also City of Mounds View v. Walijarvi,263 N.W.2d 420, 423 (Minn. 1970) (court held that the majority position limits the liability of architects and others rendering professional services to those situations in which the professional is negligent in the provision of his or her services). Also see Garaman, Inc. v.Williams, 912 P.2d 1121, 1124 (Wyo. 1996) (holding that "much of the architect's work involves the application of professional judgment, and . . . we do not require professionals to warrant perfect results"); andLekeane Homeowners Association, Inc. v. Oliver, 586 So.2d 679, 681
(La.App. 1991) ("[a]bsent an express contractual provision to the contrary, an CT Page 15941-js architect does not guarantee the owner a perfect plan or a satisfactory result. He is not liable for mere errors of judgment. His liability attaches only when his conduct falls below the standard of skill and care exercised by others engaged in the same profession in the same locality.") Also see Friendship Heights Association v. Koubek,785 F.2d 1154, 1158 (4th Cir. 1986), applying Maryland law; Lukowskiv. Vecta Educational Corp., 401 N.E.2d 781, 786 (Ind.App. 1980); Gravelyv. Providence Partnership, 549 F.2d 958, 959 (4th Cir. 1977), applying Virginia law; Seiler v. Levitz Furniture Co., 367 A.2d 999, 1007-1008
(Del. 1976); Borman's, Inc. v. Lake State Development Co., 230 N.W.2d 363,367-68 (Mich.App. 1975); Smith v. Goff, 325 P.2d 1061, 1064 (Okla. 1958); and Ressler v. Nielson, 76 N.W.2d 157, 162 (N.D. 1956) quoting 3 Am.Jur. Architects, Section 7, page 1001.
A minority of four jurisdictions have held that professional engineers and architects impliedly warrant reasonable fitness for an intended use. See Prier v. Refrigeration Engineering Co., 442 P.2d 621, 624 (Wash. 1968); Broyles v. Brown Engineering Co., Inc., 151 So.2d 767, 772 (Ala. 1963); Bloomsburg Mills, Inc. v. Sordoni Construction Co., Inc.,164 A.2d 201, 203 (Pa. 1960) and Hill v. Polar Pantries, 64 S.E.2d 885,888 (S.C. 1951).
The court is persuaded that Connecticut should follow the majority rule for policy reasons which recognize that the nature of professional services are best measured by a negligence standard rather than an implied warranty theory.
As discussed in State of New Mexico et al v. Gathman-Matotan Architectsand Planners, Inc., et al, 653 P.2d 166 (N.M. 1982)
 Traditionally, architects, along with other professionals such as doctors and lawyers, do not promise a certain result. The professional is usually employed to exercise to the customer reasonable skills of his profession for a particular job. He "warrantees" his work only to the extent that he will use the skill customarily demanded of his profession.
Id., 169. The Minnesota Supreme Court reasoned in City of Mounds View v.Walijarvi, supra, 263 N.W.2d 420, that
 [a]rchitects, doctors, engineers, attorneys and others deal in somewhat inexact sciences and are continually called upon to exercise their skilled judgment in CT Page 15941-jt order to anticipate and provide for random factors which are incapable of precise measurement. The indeterminate nature of these factors makes it impossible for professional service people to gauge them with complete accuracy in every instance . . . Because of the inescapable possibility of error which inheres in these services, the law has traditionally required, not perfect results, but rather the exercise of that skill and judgment which can be reasonably expected from similarly situated professionals.
Id., 424. In rejecting an implied warranty theory, the court in MilauAssociates, Inc. v. North Avenue Development Corp., 368 N.E.2d 1247
(N.Y. 1977), recognized the limited reach of the minority rule: "Where courts in other jurisdictions have purported to apply an implied warranty of fitness to transactions which in essence contemplated the rendition of services, what was actually imposed was no more than a `warranty' that the performer would not act negligently. . . ." (Citations omitted.) Id., 1251; see also Audlan Lumber Builders Supply, Inc. v. D.E. BrittAssociates, Inc., 168 So.2d 333, 335 (Fla.Dist.Ct.App. 1964). Count three is stricken.
 II CUTPA
In Haynes v. Yale-New Haven Hospital, 243 Conn. 17 (1997), the Connecticut Supreme Court determined that CUTPA was inapplicable to professional services with respect to a medical professional. The court has applied this rule previously to strike a claim against an architect in Amity Regional School District #5 v. Atlas Construction Co., Superior Court, Complex Litigation Docket, judicial district of Waterbury, Docket No. 153388 (July 26, 2000, McWeeny, J.) (27 Conn. L. Rptr. 605).
Moreover, Carroll has not pleaded the substantial aggravating circumstances attending a breach of contract or negligence claim which are necessary to give rise to a CUTPA claim. Thames River Recycling,Inc. v. Gallo, 50 Conn. App. 767, 784 (1998); Calise v. Piro, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110288 (October 29, 1990, Katz, J.) (2 Conn. L. Rptr. 683) (mere negligence, without more, does not violate CUTPA). Count four and paragraphs b and d of the ad damnum clause are stricken.
 III CT Page 15941-jw Conclusion
The motion to strike (#112) is granted as to counts three and four of the revised counterclaim (#109). The motion to strike (#112) also is granted with respect to the claims for punitive damages and attorneys' fees asserted in paragraphs b and d of the ad damnum clause of the revised counterclaim.
ROBERT F. McWEENY, J.