Furnari, J.
The plaintiff-homeowner brought this action to recover damages from the defendant-builder for defects in the construction of a new house, and for failure to honor express warranties in violation of G.Lc. 93A. The action was instituted as a small claims proceeding on March 13,1986, andlater transferred by the trial court, sua sponte, to the regular civil docket.
The plaintiff has appealed the trial court’s allowance of the defendant’s Dist/Mun. Cts. R Civ. P., Rule 56 motion for summary judgment. The sole issue raised by the court’s Rule 56 order is whether the Massachusetts Statute of Repose, G.Lc. 260, §2B,[1] bars recovery on the plaintiffs claims.
The salientfacts are largely undisputed. The parties’ executed a written agreement on June 17,1981 for the defendant’s construction of plaintiff’s new house. Article II of tiie agreement pertaining to defendant’s “Guarantees” states: “House to be constructed according to local building codes and in same workmanlike manner and using same construction materials and methods as in... [blank].” The defendant also gave limited warranties covering fourteen separate areas, including interior plastered walls and the following:
13) DOORS. DRAWERS. WINDOWS AND INTERIOR FINISH: For a period of ninety (90) days, doors, drawers, windows and interior finish will be free from warping, sticking or looseness caused by defects in materials or workmanship. Additionally, for a period of one year, items which become inoperable will be exchanged.
In late October, 1981, construction was completed by the defendant, title passed and the plaintiff took possession of the premises. By November 25,1981, the ceramic tile floors in the kitchen, front foyer and hall had begun to crack. Although the plaintiff notified the defendant of such defects, the tile was not replaced until May, 1983. Approximately thirty days later in June, 1983, cracks reappeared in the tile that had been replaced.
The plaintiff now claims in his complaint, answers to defendant’s interrogatories and in an architect’s affidavit filed in opposition to the defendant’s Rule 56 motion, that the defendant breached its express warranties by improperly framing the house, which structural defect caused the ceramic tile to crack.
*138 In allowing the defendant’s summary judgment motion, the trial court ruled, inter alia:
There was no guarantee in the contract against cracked tiles.
Plaintiff now claims to be entitled to recovery on the basis of an express warranty that the house would be constructed in a workmanlike manner. The particular warrantyfalls within the rule setforth in Gary Klein v. Eduardo F. Catalano & another, 386 Mass. 701, 720 (1982). There, the court said ‘...the architect did not expressly guarantee a specific result.’ Ifind that a general guarantee, though written, will be swept into the court’s analysis for the guarantee in Klein, supra. In this case, then, G.Lc. 260, §2B bars all of the plaintiffs claims, and defendant’s motion for summary judgment is allowed.
We hold that the plaintiffs claim for the defendant’s breach of express warranties is not governed by the Statute of Repose, and that the existence of material issues of factrelative to the defendant’s breach rendered inappropriate the summary disposition of this case. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976).
The Statute of Repose, G.Lc. 260, §2B, expressly bars “actions in tort” for certain design or construction defects which are not commenced within the specified limitations period. In Klein v. Catalano, 386 Mass. 701 (1982), it was held that the time limitations of the Statute of Repose may also bar an action denominated as a contract claim for breach of an implied warranty for good and workmanlike performance where the elements of the action for breach of implied warranty were the same as an action in tort for negligence.[2] The Court further stated, however, that the Statute of Repose was inapplicable to actions in contractfor breach of an express warranty.[3] The Supreme Judicial Court reaffirmed Klein in Anthony’s Pier Four, Inc. v. Carroll Dry Dock Eng. Inc., 396 Mass. 818 (1986), holding that actions for breach of express warranties by which a builder or design professional promised certain or specific *139 results were actions in contract to which the Statute of Repose does not apply.[4]
The agreement executed by the parties in the instant case contained both the defendant’s express guarantee that the house would be constructed in accordance with local building codes, and his express limited warranties covering, inter alia, the interior finish. Such guarantees imposed on the defendant-builder a greater duty, different in nature and scope, from the general obligation inherent in an implied warranty that a builder will exercise the standard of reasonable care required of members of his skilled trade. The defendant’s express warranties promised specific results, and it is the breach of these express warranties that form the basis of the plaintiffs present action in contract.
As this action for breach of express warranties was not barred by the Statute of Repose, the defendant’s motion for summary judgment should have been denied. Accordingly, the judgment for the defendant is hereby vacated. The case is returned to the Marlborough Division for trial. So ordered.

 General Laws c. 260, §2B provides in relevant part “Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or genera] administration of an improvementto real property... shall be commenced onlywithln three years next after the cause of action accrues; provided, however, that in no event shall such action be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.”

 “As a general rule, [a] n architect’s efficiency in preparing plans and specifications is tested by the rule of ordinary and reasonable skill usually exercised by one in that profession... [I]n the absence of a special agreement he does not imply or guarantee a perfect plan or satisfactory results ... [citations omitted]. Architects, doctors, engineers, attorneys, and others deal in somewhat inexact sciences and are continually called upon to exercise their skilled judgment in order to anticipate and provide for random factors which are incapable of precise measurement The indeterminable nature of these factors makes it impossible for professional service people to gauge them with complete accuracy in every instance... Because of the inescapable possibility of error which inheres in these services, the law has traditionally required, not perfect results, but rather the exercise of that skill and judgment which can be reasonably expected from similarly situated professionals.... [citations omitted]. Thus, the elements of the plaintiffs action for negligence and breach of implied warranty are the same. Audlane Lumber & Builders Supply, Inc. v. D. E. Britt Assocs., 168 So.2d 333 (Fla. Dist Ct. App. 1964). Consequently, we believe that G.Lc. 260, §2B, necessarily bars the plaintiffs breach of warranty claims.” Id. at 718-719.

 “We add that an architect may provide an express warranty of a certain result In that event the plaintiff may maintain an action for breach of express warranty. Cf. Clevenger v. Haling, 379 Mass. 154, 157 (1979); Sullivan v. O’Connor, 363 Mass. 579 (1973).” Id. at 720.

 "The plaintiffs claim is for breach of express warranty. The theory of such a claim is that the defendants are liable to the plaintiff for failure to provide a design that meets a standard of performance allegedly promised by the defendants. Because the standard of performance is set by the defendants’ promises, rather than imposed by law, an express warranty claim is and generally has been understood to be an action of contract, rather than of tort See W. PROSSER & W. KEETON, TORTS, §92, at 656,657 (5th ed. 1984). On its face, §2B applies only to “ [ajctions of tort.” Thus, we reaffirm our holding that “G.L.c. 260, §2B, does not apply to contract actions.” Klein v. Catalano, 386 Mass. 701, 708 (1982). If a design professional expressly warrants a certain result, the plaintiff may maintain an action for breach of express warranty. Id. at 720. A plaintiff may not, of course, escape the consequences of a statute of repose or statute of limitations on tort actions merely by labelling the claim as contractual. The court must look to the “gist of the action.” Hendrickson v. Sears, 365 Mass. 83, 85 (1974). Thus, in Klein, supra, we held that §2B would bar a breach of implied warranty claim where the elements for breach of implied warranty and for negligence claims are the same. Id. at 719 & n. 29. A claim for breach of express warranty differs, however, from a negligence claim because the plaintiff must demonstrate that the defendant promised a specific result See Clevengers. Haling, 379 Mass. 154, 157-159 (1979);