292 P.2d 322

Cero PAPA, Henry Papa and Sadie Papa, Appellants,

v.

John D. TORRES, Appellee.

No. 5974.

Supreme Court of New Mexico.

Jan. 3, 1956.

Rehearing Denied Jan. 31, 1956.

Robins, Bingham, Maloney & Klecan, Albuquerque, for appellants.

J. C. Enloe, Socorro, C. Derwood Knight, Albuquerque, for appellee.

LUJAN, Justice.

The plaintiff (appellee) brought this action against the defendants (appellants) for recovery and possession of a certain patented mining claim, and for $7,500 damages, etc.

The plaintiff owned a group of patented mining claims situated in the Magdalena Mining District, in Socorro County, including the Appex, the subject of this litigation, and the defendants owned a group of unpatented mining claims including the West Star which adjoins the Appex on the west side. The case was tried to the court without a jury, and it resolved the issues in favor of the plaintiff and defendants appeal.

The plaintiff derainged his title through a warranty deed from the patentee. The defendants base their title on the ground that the vein or lode found under the Appex claim apexed in and upon their own mining claims, and on adverse possession.

Plaintiff's complaint, among other matters, alleged:

"3. That while Plaintiff was such owner, and so seized and possessed and entitled to the possession of said patented lode mining claims and premises, the said Defendant did, on or about the First day of January, 1953, wrongfully and unlawfully enter into and upon said premises and unlawfully with-held from the Plaintiff the possessor thereof, and do now wrongfully and unlaw-

fully with-hold the possession thereof from the Plaintiff, to his wrong, injury, and damage in the sum of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00)."

By their answer, the defendants alleged, among other things:

"4. Defendants now plead the Statute of Limitations and particularly Section 27–120 & 121 New Mexico Statutes 1941 and amendments thereto, and allege that if there is any portion of the mining claims described by plaintiff that is being occupied by these defendants that the same has been occupied by them, open and notoriously and adverse not only to plaintiff but to all his predecessors in interest from the 2nd day of July, 1938, until and including the 24th day of August, 1953, defendants said possession having been quiet, peaceable, continuous, undisturbed and adverse to plaintiff and all his predecessors in interest for a period of over fifteen years, defendants claiming title under the location made by Defendant, Sadie Papa, on the 2nd day of July, 1938.

5. Defendants allege that the lode, vein or ledge, which is the basis of dispute in this lawsuit, apexes in and upon the mining claims described in paragraph III of this amended answer, that defendants' have been following the lode, ledge or vein on its downward course and out under the side lines of the claims above described, that having and owning the apex of the vein, lode, lead or ledge they have a lawful right to follow the same upon its downward course even though it go out of the vertical boundaries of their claims."

Defendants assign nineteen errors which they argue under four points, to-wit: (1) Defendants-appellants acquired title to the mineral rights in the Appex grant by adverse possession under Section 23–1–22, New Mexico Statutes 1953 Annotated, since no taxes had ever been assessed on the mineral estate of the Appex claim; (2) Appellants acquired title by adverse possession under Section 23–1–21, New Mexico Statutes 1953 Annotated; (3) Appellants had acquired the prescriptive right to the minerals removed by them with the continued right to remove said minerals, and therefore it was error to award damages for the extraction of minerals from the Appex claim and it was further error to deny the appellants the right to continue to remove minerals from the mines which they had operated for a period of time in excess of ten years; (4) Proof required in a civil action is that of a preponderance of the evidence, and appellants established the fact by a preponderance of the evidence that the minerals removed from the Appex claim were from a vein which apexed their own land.

There is no merit to these points. The defendants throughout the trial did not see fit to rely upon what they now, for the first time, claim to be an ownership of the minerals extracted from plaintiff's mining claim involved herein. It would incumber this decision, and serve no good purpose, to set forth in detail the evidence in this case. Suffice to say, we have carefully examined the record, and are convinced that the defendant's own testimony dispels any theory upon which adverse possession or a prescriptive right could be predicated. Further, no findings of fact or conclusions of law on these questions were made or requested in the trial court.

Significantly, it was defendants' theory of the issues, throughout the trial, that the vein or lode, from which they extracted the ore in question, apexed in and upon their own mining claim adjacent to the plaintiff's claim, and that as a result thereof they merely followed the lode, ledge or vein on its downward course beneath plaintiff's mining claim. Based upon this theory of the case, the defendants requested twenty-one findings of fact and four conclusions of law, all but four of which were refused by the court. However, the court did find:

"1. At all times material to this case, the plaintiff was and he is the owner of the patented Appex Lode Mining Claim, Survey No. 1456, situated in the Magdalena Mining District, in Socorro County, New Mexico, and was entitled to the possession of it.

"2. The defendants are the claimants by location and ownership of a certain unpatented lode mining claim, called the West Star, which adjoins and lies alongside on the east of said Appex Lode Mining Claim, and the east sideline of the latter claim and the west sideline of said West Star claim is a line common to both claims. Said West Star claim is erroneously described in its location notice as lying in the "Silver Mountain Mining District" instead of in the Magdalena Mining District where actually it is.

"3. At or about the date alleged in the complaint to-wit, January 1, 1953; the defendants under the pretext, assumption or belief that they were mining and working ore bodies which were part of and in the dip of a certain vein which they claimed had its apex in said West Star unpatented lode mining claim and which, they said, on its dip passed out of and beyond the sideline of said West Star claim and into and under the surface of said Appex Claim, entered upon and into said Appex Claim and mined, removed and shipped and sold ore therefrom and converted the same to their own use. The opening through which the defendants entered to said ore bodies, and the tun-

nels and workings in which the mining was done, and the ore bodies and vein matter from which said ore was extracted, were all within the boundaries and beneath the surface of said Appex Claim; and none were on or beneath the surface of said West Star mining claim, nor was there any opening or connection from said tunnels and workings to or with the West Star Claim.

"4. The defendants did not show, and they failed to prove, that the vein from which they mined, removed, shipped and sold said ore, from underneath the surface of said Appex Claim, was identical with or was a continuation of any vein which had its apex within said West Star Claim. On the contrary, the evidence as to the dip of the vein in the West Star, and the evidence as to the dip of the vein in the Appex where the tunnel and workings were, prove or strongly indicated them to be separate veins.

"5. The defendants did not work down on any vein from their West Star Claim, but instead they entered upon and crossed over the surface of said Appex Claim to the openings to the tunnel and passed through it to the places where they mined.

"6. In such operations, and during the time material to this case, the defendants mined, removed, shipped and sold from the plaintiff's Appex Mining Claim seven truck loads, of five tons each, of ore, being a total of 35 tons of ore; and they sold the same at its value and price of $30.00 per ton, making a total of $1050.00 received therefor, before operational deductions etc.

"7. Defendants knew that the Appex Claim, or some mining claim lay adjacent to their West Star claim on its west side, and they knew and were charged with notice of the boundaries of their own claim, and that the openings through which they entered to the workings were not upon the surface of their said claim, and that the ore bodies and workings where they mined were not within the boundaries of said West Star Claim."

These findings of fact are amply sustained by the evidence.

■ We conclude, that in as much as the defendants have now raised for the first time the questions of adverse possession and a prescriptive right, although having prosecuted their defense throughout the trial upon the theory that the vein or lode from which ore was extracted, although located within the boundaries of plaintiff's claim, had its apex within the boundaries of their adjacent West Star claim, and was therefore, their own property, and entitled to the use thereof, may not avail themselves of said defenses here. Sanders v.

Carmichael Enterprises, Inc., 57 N.M. 554, 260 P.2d 916, and cases cited therein.

The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.