358

503 P.2d 641

**W. H. NYGREN, Jr., Plaintiff-Appellee,**

v.

**Theron J. GRAVES, Defendant-Appellant.**

**No. 9433.**

Supreme Court of New Mexico.

Dec. 1, 1972.

Baggett & Baggett, Farmington, for appellant.

Palmer & Frost, Farmington, for appellee.

## OPINION

COMPTON, Chief Justice.

This action was brought by the plaintiff W. H. Nygren, Jr., in San Juan County against the defendant Theron J. Graves to recover on a promissory note and a written memorandum executed by the defendant and payable to the plaintiff. The defendant answered and counter-claimed alleging fraud in the transaction. The case was tried to the court, and judgment was entered for the plaintiff and the defendant has appealed.

The pertinent findings made by the court read:

"1. Prior to November 27, 1968 plaintiff and defendant entered into an agreement by which plaintiff agreed to sell and defendant agreed to buy 10% of

the outstanding stock of the United Pole and Post Company, for a consideration of $6,000.00.

"2. The agreement of the parties was confirmed by the defendant in writing, by the execution of a Promissory Note and letter dated November 27, 1968, which were delivered to plaintiff.

"5. Plaintiff agreed to assign the agreed amount of stock after defendant started making the payments as agreed.

"6. Defendant failed and refused to make any of the payments as agreed.

"7. Plaintiff has been and is now ready and willing to assign the stock as agreed.

"9. The contract between plaintiff and defendant was not dependent or conditioned upon any agreement defendant had with any other person."

Implicit within the findings by the court are the following facts.

Joe Bosse, in October, 1968, was then president of United Pole and Post Co., Inc., doing business in San Juan County. In October, 1968, the defendant approached Bosse to purchase 25% of the outstanding stock in the corporation. Bosse was the then owner of 25% of the outstanding stock but refused to sell more than 15% to the defendant. Bosse explained to the defendant that the plaintiff was the owner of and might sell 15% of the outstanding stock owned by him. At the request of the defendant, Bosse contacted the plaintiff who informed Bosse that he would sell 10% only of his shares to the defendant for $6,000.00, payable $1,000.00 monthly beginning January, 1969. This information was communicated by Bosse to the defendant and accepted by him. Thereupon the corporation and the defendant entered into the following agreement.

## "AGREEMENT

"This AGREEMENT, made and entered into this 11 day of November, 1968, between THERON J. GRAVES and UNITED POLE & POST, witness:

"WHEREAS, Theron J. Graves is desirous of purchasing stock in United Pole & Post and said United Pole & Post is desirous of selling stock to Theron J. Graves.

"NOW, THEREFORE, the parties in consideration of the foregoing mutually certify, contract and agree:

"1. Theron J. Graves will loan to United Pole & Post the sum of $20,000.00, said sum to bear interest at the rate of 7% per annum.

"2. After sixty (60) days of aforementioned loan, Theron J. Graves will purchase 10% of the stock of United Pole & Post from W. H. Nygren, Jr. for $6,000.00 payable at the rate of $1,000.00 per month to W. H. Nygren, Jr.

"3. After six (6) months, Theron J. Graves will purchase from United Pole & Post 15% stock in escrow at the Farmington National Bank at a purchase price of $7,500.00, said purchase amount to be deducted from the $20,000.00 loan as set forth in Item No. 1.

"4. The balance of the $20,000.00 loan, namely $12,500.00, payable to Theron J. Graves by United Pole & Post, shall be payable at the rate of $1,000.00 per month on a schedule as mutually agreed upon by both parties herein names [sic].

Accepted:

UNITED POLE & POST

By: Joe Bosse
    Joe Bosse

By: Theron J. Graves
    Theron J. Graves

Witness:
    (signature not legible)
    _____ "

Pursuing the matter further the defendant prepared the $5,000.00 promissory note in question, payable $1,000.00 February 1, 1969, and $1,000.00 monthly thereafter for

five months, and delivered it to the Farmington National Bank on November 27, 1968, where he understood that the payments were to be applied to the indebtedness due the Bank by the plaintiff. A day or two thereafter, there was a brief discussion between them as to whether the note should not have been $6,000.00. Defendant readily admitted that the note should have been $6,000.00 and at that time prepared a memorandum of payment of the additional $1,000.00 and mailed it to the plaintiff. The memorandum reads:

"November 27, 1968

"W. H. Nygren, Jr
816 Crestview Drive
Farmington New Mexico

Dear Bill;

As per our conversation, I will pay you $1,000.00 on the first of January and the Balance of the $5,000.00 as indicated on the note. In turn, you will assign the portion of your stock equivalent to 10% of the stock of the United Pole and Post Co. Inc.

Sincerely,

Theron T. Graves
Theron J. Graves"

Thereupon, Nygren placed his stock and the memorandum in the bank to be held with the note, for the convenience of the parties.

Shortly after January 1, 1969, the plaintiff contacted Graves about payment then due and was informed by him that " * * * he wasn't real happy with his investment and did not know he wanted it." Shortly thereafter the defendant repudiated the deal and refused to make any payments, whereupon, the plaintiff brought this action to recover on the note and the amount represented by the memorandum.

As an affirmative defense the defendant alleges that he was induced to advance the $20,000.00 loan to the corporation, sign the note in question and the letter upon the plaintiff's representation to him that the corporation was then solvent, when as a matter of fact it was insolvent at the time.

█ This allegation of fraud has caused the court to carefully review the record. That the defendant may have sustained a financial loss in his dealing with the corporation can not be questioned but there is not a scintilla of evidence of misrepresentation or fraudulent conduct on the part of the plaintiff in his dealings with the defendant. Even the defendant himself testified that the plaintiff made no misrepresentation to him concerning the sale of his outstanding shares in the corporation. Moreover the defendant had an audit made of the assets of the corporation prior to his signing the note and memorandum. The plaintiff's ability and readiness to deliver the stock as agreed is not questioned.

█ The defendant strongly insists that the plaintiff's cause of action is conditioned upon the performance of the contract between the defendant and United Pole and Post Co., Inc. We do not agree.

The amount due the plaintiff is completely unrelated to any agreement between the defendant and the corporation.

█ Appellant's final argument is that the requirements of the Statute of Frauds, Section 50A-8-319, N.M.S.A., 1953, were not met by sufficient writing. There is no basis for this argument as the statute has no application under the facts of the case.

██ We deem the plaintiff's evidence substantial. That findings of the trial court supported by substantial evidence are binding upon appeal, needs no citation of authorities. The judgment of the court should be affirmed. It is so ordered.

McMANUS and MONTOYA, JJ., concur.