513 P.2d 1260

**AMERICAN BANK OF COMMERCE, a banking corporation, Plaintiff-, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, Defendant-Appellee.**

**No. 9574.**

Supreme Court of New Mexico.

July 27, 1973.

Rehearing Denied Sept. 11, 1973.

---

Grantham, Spann, Sanchez & Rager, Albuquerque, for plaintiff-appellant.

Keleher & McLeod, William K. Stratvert, Albuquerque, for defendant-appellee.

OPINION

McMANUS, Chief Justice.

This is a civil action brought in the District Court of Bernalillo County, New Mexico, to recover on a Bankers' Blanket Bond, issued by the defendant to plaintiff, for losses allegedly sustained by plaintiff as a result of various transactions with Go-Unlimited, Inc., a customer of the bank. After trial on the merits by the court, judgment was entered in favor of the defendant and against the plaintiff whose complaint was dismissed with prejudice. Plaintiff appeals.

The appeal involves eleven separate counts alleged by plaintiff. All counts allege losses by the plaintiff as a result of its purchase of retail installment contracts from Go-Unlimited, Inc., a retail music store in Albuquerque, New Mexico. During the time in question plaintiff was insured against loss under a Bankers' Blanket Bond, Standard Form No. 24, issued by defendant. The trial court's findings of fact were to the effect that there was substantial evidence to show there were no forgeries or alterations concerning the transactions between the defendant and Go-Unlimited, Inc., and therefore the provisions of the Bankers' Blanket Bond were not applicable and there could be no recovery therefrom. We find from the transcript that there was substantial evidence for the trial court's findings in this regard. Findings of the trial court, supported by substantial evidence, are binding upon appeal. Nygren v. Graves, 84 N.M. 358, 503 P.2d 641 (1972). This would be the end of the matter if appellant did not argue that it also relied on claims of larceny and false pretenses as well as upon forgeries and alterations. Appellant tried its case on the grounds of forgery and alteration of the contracts. A party cannot change his theory on appeal. Papa v. Torres, 60 N.M. 448, 292 P.2d 322 (1956); Musgrove v. Department of Health & Social Services, 84 N.M. 89, 499 P.2d 1011 (Ct.App.1972). The fact that appellant, some three months after trial, submitted requested findings on the theories of larceny and false pretenses, cannot aid his position. See Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464 (1950).

Appellant also argues that forgeries and alterations were covered under the bond referred to above. We need not determine or answer this question because the trial court found there were no forgeries or alterations and the transcript reflects there was substantial evidence for the trial court's findings in this regard.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.