**Certiorari Denied, January 27, 2011, No. 32,792**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-020**

**Filing Date:  November 10, 2010**

**Docket No. 29,680**

**DIANE WOOD,**

        **Petitioner-Appellee,**

**v.**

**STATE OF NEW MEXICO**
**EDUCATIONAL RETIREMENT**
**BOARD,**

        **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellee

Gary K. King, Attorney General
Andrea R. Buzzard, Assistant Attorney General
Santa Fe, NM

for Appellant

**OPINION**

**VANZI, Judge.**

**{1}**     The State of New Mexico Educational Retirement Board (ERB) appeals from an order of the district court directing the ERB to pay Petitioner the unpaid accumulated interest in her deceased husband's account under the Educational Retirement Act (the Act), NMSA

1

1978, Sections 22-11-1 to -53 (1967, as amended through 2010) at the time of his retirement. The district court concluded that the ERB erred when it denied Petitioner the interest in the account and reversed the ERB's administrative order. The sole issue on appeal is whether the 1999 amendment to Section 22-11-29(E) of the Act should be applied retroactively because it was simply a "clarification" of the statute. We hold that the amendment to the statute applies prospectively and reverse the district court.

**BACKGROUND**

**{2}** The following facts are undisputed. Petitioner Diane Wood is the widow of Howard N. Rabinowitz. Mr. Rabinowitz was an employee under the Act and made regular contributions to his retirement plan. In January 1998, Mr. Rabinowitz retired. When an employee under the Act retires, he can choose to receive retirement benefits under one of three provisions of the Act. Under Options B and C of Section 22-11-29(A), a retiree receives a reduced annuity that continues upon death to the retiree's designated beneficiary. Mr. Rabinowitz did not select either Option B or C but instead elected to receive his benefits under Section 22-11-30 of the Act. Section 22-11-30 is a single life annuity, which pays a higher monthly amount and which terminates upon a retiree's death.

**{3}** Mr. Rabinowitz received pension payments for seven months until his death on July 11, 1998. Because he died before receiving benefits equaling the total amount of his contributions plus interest, Mr. Rabinowitz's designated refund beneficiary was entitled to the balance of his accumulated contributions pursuant to the Act. Section 22-11-29(E). The ERB paid Petitioner the principal amount of retirement contributions left in Mr. Rabinowitz's account to which she was entitled, not including interest.

**{4}** On September 23, 1998, Petitioner wrote a letter to the ERB requesting that the ERB pay the interest amount to her to which she claimed she was entitled. The deputy director of the ERB responded that, based on ERB policy, which mirrored the applicable provision of the Act in effect at the time, § 22-11-29(E), Petitioner was not entitled to the interest accumulated in Mr. Rabinowitz's account.

**{5}** Subsequently, in June 1999, the Legislature amended Section 22-11-29(E) to require the payment of accumulated interest to designated beneficiaries at the average rate earned by the fund during the preceding five fiscal years. The statute was amended again in 2003 and still requires the payment of accumulated interest but at a rate set by the ERB rather than at the previous average rate earned by the fund.

**{6}** Petitioner wrote to the ERB in September 2000 requesting that the ERB apply the 1999 amendment to Section 22-11-29(E) to pay her the claimed share of the interest in Mr. Rabinowitz's account at the time of his retirement. Petitioner asserted that, because the 1999 amendment was merely a clarification of the predecessor law, it should operate retroactively to require that the ERB pay interest to her. The ERB disagreed and responded that its interpretation of the statute was that it applied prospectively only and that the Legislature did not intend that someone in Petitioner's shoes should receive interest on accumulated contributions. Petitioner filed suit against the ERB in the district court.

**{7}**     In *Wood v. State of New Mexico Educational Retirement Board*, No. 29,699, slip op. at 2 (N.M. Sup. Ct. Apr. 10, 2007), the New Mexico Supreme Court in a decision noted that a question of statutory construction exists as to whether the legislative amendment applies to Petitioner.  However, the Court determined that the ERB should first decide the question by way of an administrative appeal instead of through the district court because the issue involves "matters of fact and policy that are peculiarly within the scope of the ERB's statutory function."  Pursuant to the decision, Petitioner requested an appeals hearing.

**{8}**     At the administrative hearing, Petitioner again argued that amendment of the statute was for "clarification" purposes and should be given retroactive effect.  The hearing officer disagreed, and in his recommended decision filed November 12, 2007, concluded that "the plain language of the original statute does not require interest and the plain language of the amended statute does not expressly provide for retroactive application to [Petitioner] and those similarly situated, and there is no requirement to go beyond the plain language of the statute in resolving the administrative appeal."  The hearing officer also noted that the fiscal impact of retroactive application was never presented to the Legislature, and concluded that this was because of the prospective interpretation of the statute.  The hearing officer's decision was approved by the ERB in an order dated February 26, 2008.

**{9}**     Pursuant to Rule 1-075 NMRA and the decision of the Supreme Court, Petitioner filed a petition for writ of certiorari in the First Judicial District Court seeking review of the ERB's decision and order.  The district court reversed the ERB's decision, finding that the right to interest implicitly existed in the original version of the statute.  As a result, the district court found that the 1999 amendment was "merely a clarification of the predecessor law and that the provision should therefore have been applied retroactively."  This appeal timely followed.

**STANDARD OF REVIEW**

**{10}**     We granted the ERB's petition for writ of certiorari to review the district court's decision pursuant to Rule 12-505(J) NMRA.  It is well settled that on certiorari in an administrative appeal of this type, "[w]e 'conduct the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal.'"  *Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 10, 135 N.M. 30, 84 P.3d 78 (quoting *Rio Grande Chapter of the Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 16, 133 N.M. 97, 61 P.3d 806).  Under this standard, "we independently review the entire record of the administrative hearing to determine whether the [ERB's] decision was arbitrary and capricious, not supported by substantial evidence, or otherwise not in accordance with law."  *Martinez v. N.M. State Eng'r Office*, 2000-NMCA-074, ¶ 31, 129 N.M. 413, 9 P.3d 657; *see* Rule 1-075(R).  Finally, we review any legal interpretations of the district court de novo.  *Gallup Westside*, 2004-NMCA-010, ¶ 11.

**DISCUSSION**

**{11}**     The ERB argues that the district court erred in ruling that the 1999 amendment to Section 22-11-29(E) was merely a clarification of the law and that the statute should be given retroactive application. We begin with a discussion of the statute as it existed at the time of Mr. Rabinowitz's retirement and death. We then turn to the 1999 amendment to determine whether it has prospective or retroactive application.

**The Pre-1999 Version of Section 22-11-29(E) Did Not Provide for Interest**

**{12}**     Interpreting a statute is a question of law; therefore, our review is de novo. *Meyers v. W. Auto*, 2002-NMCA-089, ¶ 13, 132 N.M. 675, 54 P.3d 79. Our goal is to give primary effect to the intent of the Legislature. *Id.* Our courts have repeatedly stated that the guiding principle in statutory construction requires that we look to the wording of the statute and attempt to apply "the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (alteration omitted) (internal quotation marks and citation omitted); *State v. Johnson*, 2009-NMSC-049, ¶ 10, 147 N.M. 177, 218 P.3d 863 ("The primary indicator of legislative intent is the plain language of the statute."). Moreover, unless the Legislature expresses a contrary intent, we are to give statutory words "their ordinary meaning," and this Court is prohibited from reading "into a statute . . . language which is not there, particularly if it makes sense as written." *Johnson v. N.M. Oil Conservation Comm'n*, 1999-NMSC-021, ¶ 27, 127 N.M. 120, 978 P.2d 327 (internal quotation marks and citation omitted). The Legislature itself has codified the plain meaning rule in the Uniform Statute and Rule Construction Act: "The text of a statute or rule is the primary, essential source of its meaning." NMSA 1978, § 12-2A-19 (1997).

**{13}**     As we have noted, when Mr. Rabinowitz passed away in July 1998, he had not received retirement benefits in an amount equal to the amount of contributions that he had paid into the fund. Consequently, and consistent with its long-standing policy and interpretation of Section 22-1-29(E), the ERB determined that Mr. Rabinowitz's designated refund beneficiary was entitled to the difference between the amount of his contributions to the fund and the amount of benefits paid to him, less interest. At the time, Section 22-11-29(E) (1993) provided:

> In the case of death of a retired member who did not elect either Option B or C and before the benefits paid to him have equaled the amount of his accumulated contributions to the fund, the balance shall be paid to the beneficiary designated in writing to the director by the member or, if no beneficiary was designated, to the estate of the member.

**{14}**     We begin with the plain language of Section 22-11-29(E) to ascertain the legislative intent. We first observe that nowhere in the plain language of Section 22-11-29(E) does it explicitly state that interest is to be paid to a retiree's designated beneficiary. Indeed, neither the parties nor the district court dispute this fact.

4

**{15}**     Although the district court acknowledged that the plain language in Section 22-11-29(E) as it existed in 1998 did not provide for the payment of interest, it nevertheless found that such payment is implicitly required in the statute.  Specifically, the district court concluded that "interrelated legislative histories indicate that a right to interest implicitly existed before Subsection E of Section 22-11-29 was amended in 1999."  The court first compared the Educational Retirement Act, Sections 22-11-1 to -53, the Public Employees Retirement Act (PERA), NMSA 1978, Sections 10-11-1 to -142 (1987, as amended through 2010), the Judicial Retirement Act (JRA), NMSA 1978, Section 10-12B-2(M) (2003) (defining member contribution to include interest), and the Magistrate Retirement Act (MRA), NMSA 1978, Section 10-12C-2(J) (2003) (also defining member contribution to include interest) (collectively, PERA and PERA-related statutes).  It then reasoned that, because some ERA statutes and all of the PERA and PERA-related statutes have express provisions for paying the balances of accumulated member contributions, including interest, the Legislature must have intended—but presumably forgot—to allow the payment of interest under Section 22-11-29(E) as well.  We are not persuaded by the district court's analysis.

**{16}**     As our precedents dictate, only where a plain language analysis does not provide a clear interpretation can we "look to other statutes in pari materia in order to determine legislative intent."  *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 22, 148 N.M. 426, 237 P.3d 728 (internal quotation marks and citation omitted).  This approach "has the greatest probative force in the case of statutes relating to the same subject matter passed at the same session of the Legislature."  *State v. Davis*, 2003-NMSC-022, ¶ 12, 134 N.M. 172, 74 P.3d 1064.

**{17}**     Our reading of Section 22-11-29(E) leads to the inexorable conclusion that although the statute does not expressly prohibit the payment of interest, the plain language is clear and unambiguous about whether the balance of accumulated contributions includes the payment of interest.  It does not.  Further, the ERB's long-standing method of calculating benefits under Section 22-11-29(E)—i.e., subtracting the amount in pension benefits paid by the ERB to a member before his death, from the member's total contributions to the fund—is a reasonable and common sense construction of the statute as it is written.  There is no indication that the payment of interest is part of the statutory requirement, and we cannot read into the statute any meaning other than what is stated in the plain language.

**{18}**     Moreover, we note that the Legislature has expressly included the right to interest payment in other statutory provisions of the Act.  *See, e.g.*, § 22-11-15(A) (stating that a member is entitled to a refund of contributions plus interest); § 22-11-29(D) (stating that a surviving beneficiary of deceased member who has not retired may elect to receive contributions plus interest); § 22-11-29(G) (stating that a surviving beneficiary, or if there is none, the estate of deceased member with less than five years service credit is entitled to contributions plus interest).  This Court assumes that the Legislature was fully aware of the language in all of the Act's statutory provisions when it enacted Section 22-11-29(E) and that it specifically chose not to require the payment of accumulated interest under the provision at issue.  *See Jicarilla Apache Nation v. Rodarte*, 2004-NMSC-035, ¶ 15, 136 N.M. 630, 103 P.3d 554 ("We presume that the Legislature acts with full knowledge of, and

consistent with, existing legislation."). Importantly, we are mindful that we should not read language into the statute simply because we believe the Legislature would have wanted the language there but for some reason forgot to add it.

**{19}** We conclude that there was no ambiguity in Section 22-11-29(E) prior to the 1999 amendment. Consistent with our rules of statutory construction and case law, therefore, we refrain from any further statutory interpretation and apply the language in the statute as written.

## The 1999 and 2003 Amendments to Section 22-11-29(E) Have Prospective Application Only

**{20}** Having concluded that the pre-1999 version of Section 29-11-29(E) plainly did not provide for payment of interest, we now turn to the 1999 amendment to the Act. The ERB contends that the district court erred in finding that the amendment is a clarification of the original statute. Instead, the ERB argues that the amendment is a change of law requiring prospective application only. We agree.

**{21}** As we have noted, interpretation of a statute is a question of law that we review de novo. *Meyers*, 2002-NMCA-089, ¶ 13. "[T]he general rule is that statutes apply prospectively unless the Legislature manifests clear intent to the contrary." *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 33, 132 N.M. 207, 46 P.3d 668; *see also* NMSA 1978, § 12-2A-8 (1997) ("A statute or rule operates prospectively only unless the statute or rule expressly provides otherwise or its context requires that it operate retrospectively."). Our Supreme Court has further provided that the adoption of a statutory amendment "is presumptive evidence of a legislative intention to change existing law." *Rutherford v. Chaves County*, 2003-NMSC-010, ¶ 21, 133 N.M. 756, 69 P.3d 1199. On the other hand, a statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions. *See Coleman v. United Eng'rs & Constructors, Inc.*, 118 N.M. 47, 52, 878 P.2d 996, 1001 (1994).

**{22}** Section 22-11-29(E) was amended in 1999 by House Bill 353. The amended statute provided:

> In the case of death of a retired member who did not elect either Option B or C and before the benefits paid to him have equaled the *sum* of his accumulated contributions to the fund *plus accumulated interest at the average rate earned by the fund during the preceding five fiscal years*, the balance shall be paid to the beneficiary designated in writing to the director by the member or, if no beneficiary was designated, to the estate of the member.

(Emphasis added.)

**{23}** The statute was subsequently amended again in 2003 and now reads:

6

In the case of death of a retired member who did not elect either Option B or C of Subsection A of this section and before the benefits paid to him have equaled the sum of his accumulated contributions to the fund plus accumulated interest at the *rate set by the board*, the balance shall be paid to the beneficiary designated in writing to the director by the member or, if no beneficiary was designated, to the estate of the member.

Section 22-11-29(E) (emphasis added).

**{24}** The 2003 amendment is not at issue in this case. However, we include both amendments here to highlight the fact that the Legislature did not expressly provide in either amendment that the newly enacted right to interest payment was to have retroactive application. Again, neither the parties nor the district court dispute this fact.

**{25}** Nevertheless, relying on *Swink v. Fingado*, 115 N.M. 275, 284, 850 P.2d 978, 987 (1993), the district court found that the 1999 amendment to Section 22-11-29(E) merely clarified existing law and, therefore, should have retroactive application. *See Swink*, 115 N.M. at 284-85, 850 P.2d at 987-88 (stating that "a statute which clarifies existing law may properly be regarded as having retroactive effect"). This Court has explained that a clarification occurs when, rather than amending an existing law to provide a change, a statutory provision is amended to clarify what was previously implicit in the law. *See Piña v. Gruy Petroleum Mgmt. Co.*, 2006-NMCA-063, ¶ 22, 139 N.M. 619, 136 P.3d 1029.

**{26}** As we have discussed in the previous section, the district court looked to other statutorily-created retirement provisions to find that the right to interest in Section 22-11-29(E) implicitly existed prior to the 1999 amendment. Based on that implicit right, the district court stated that it could not "read an unwritten intention into the statutory scheme," but that in this case, "the intent to clarify an existing right by enacting the 1999 amendment is unavoidable when the amendment to Section 22-11-29[(E)] is read together with sister provisions that preceded the 1999 amendment." Therefore, the district court concluded, this "clarification" must be given retroactive effect. For the reasons we have discussed above, we do not agree with the district court's characterization of the pre-1999 version of the statute. Rather, we determine that the 1999 amendment added a new requirement to the statute—the payment of accumulated interest. This new requirement and the explanation of how interest was to be calculated was plainly not inherent in the pre-amendment statute.

**{27}** Again, we presume that the Legislature, when it enacted the 1999 and 2003 amendments, was aware that other provisions of the ERA provided for payment of interest. Had the Legislature intended to simply correct an existing oversight in the law, or clarify what the law was always meant to say, it should have expressly provided for retroactive application in the amendment's text. *Herrera v. Quality Imps.*, 1999-NMCA-140, ¶ 8, 128 N.M. 300, 992 P.2d 313 (stating that the "Legislature is presumed to know of existing law when it enacts legislation" (internal quotation marks and citation omitted)).

**{28}** Given the Legislature's presumed knowledge of our canons of statutory interpretation, its silence on the question of retroactivity with regard to the 1999 amendment,

and our determination that no implicit right to interest exists in the pre-1999 version of Section 22-11-29(E), we conclude that the amendment must apply prospectively only.

**CONCLUSION**

**{29}**   We hold that the 1999 amendment to Section 22-11-29(E) cannot be applied retroactively.  We reverse the decision of the district court.

**{30}   IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**Topic index for *Wood v. N.M. Educ. Ret. Bd.*, Docket No. 29,680**

| | |
|---|---|
| AE | APPEAL AND ERROR |
| AE-SR | Standard of Review |
| | |
| EL | EMPLOYMENT LAW |
| EL-HB | Health, Pension, and Retirement Benefits |
| | |
| ST | STATUTES |
| ST-RE | Retroactivity |
| ST-RC | Rules of Construction |