This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2007-1,**

Plaintiff-Appellee,

v. NO. 30,473

**CARLOS M. QUIÑONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Rhodes & Salmon, P.C.
William C. Salmon
Albuquerque, NM

for Appellee

Quiñones Law Firm
Carlos M. Quiñones
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the grant of summary judgment on a mortgage foreclosure. In our second notice, we proposed to affirm the grant of summary judgment. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

In the second notice, we addressed all those reasons that Defendant asserted below created issues of material fact that would preclude the grant of summary judgment. Defendant's memorandum in opposition does not point us to error in our view of the facts or the law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that the burden is on the party opposing our proposed disposition to clearly point out errors in fact or law). Rather, he points to a recent decision from the Massachusetts Supreme Court holding that two foreclosures were invalid because the banks "failed to make the required showing that they were the holders of the mortgages at the time of foreclosure." [MIO 2] He then goes on to argue that here Plaintiff did not establish that it was the holder of the note.

In making this argument, Defendant is changing his theory on appeal. Both below and in his docketing statement, he made no arguments regarding Plaintiff's holder status. Defendant cannot change his theory on appeal. *Am. Bank of Commerce v. U.S. Fid. & Guar. Co.*, 85 N.M. 478, 478, 513 P.2d 1260, 1260 (1973) ("A party cannot change his theory on appeal."); *Spectron Dev. Lab. v. Am. Hollow Boring Co.*,

1997-NMCA-025, ¶ 30-32, 123 N.M. 170, 936 P.2d 852 (stating that even in summary judgment proceedings, a party cannot argue new theories of liability on appeal that were not argued to the trial court).

Even if he could do so, his argument fails as the complaint, the motion for summary judgment, and the affidavit supporting the motion all state that the Plaintiff is the holder of the note. [RP 2, 63, 66] We know of no authority and Defendant has cited us none that requires more than that sworn assertion, where Defendant does not come forward with some attack on the assertion. *See Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (citation omitted)).

For the reasons stated herein and in the second calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

3

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**MICHAEL E. VIGIL, Judge**