This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**A. BLAIR DUNN,**

Plaintiff-Appellant,

v.                                        NO. A-1-CA-35642

**CHILDREN, YOUTH AND FAMILIES DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

A. Blair Dunn
Albuquerque, NM

Pro Se Appellant

Robles, Rael & Anaya, P.C.
Douglas E. Gardner
Lindsay R. Drennan
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

{1}      Plaintiff A. Blair Dunn appeals the district court's dismissal of his complaint against the Children, Youth and Families Department (CYFD), brought under the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 through -12 (1947, as amended through 2013). The district court entered an order requiring that the requested records be produced, pursuant to the Children's Code, NMSA 1978, §§ 32A-1-1 to -25-5 (1993, as amended through 2018), but denied Plaintiff's request for damages, costs, and attorney fees. We affirm.

**BACKGROUND**

{2}      Plaintiff filed an abuse and neglect complaint with CYFD against his ex-wife, alleging she was not securing their daughter in a child safety seat when transporting her in the car. Plaintiff subsequently emailed the CYFD investigator requesting "all records contained" in CYFD's file pertaining to his daughter. Plaintiff's email characterized the request as a "records request pursuant to [Section] 14-2-1" of IPRA.[1] CYFD responded that it could not use the email "as a request for records as there is a policy in place to request them" and directed Plaintiff to its legal department "for guidance on how to request records."

{3}      A month later, Plaintiff filed a complaint in district court, alleging in Count I that CYFD violated IPRA by "failing to respond or to produce the public records properly requested by . . . Plaintiff." Count II sought declaratory and injunctive

---

[1] CYFD does not challenge the adequacy of this email as an IPRA request under Section 14-2-8.

2

relief for refusing to respond and denying Plaintiff the records he requested. In addition to judgment in his favor, Plaintiff requested an order awarding him statutory damages of $100 per day for CYFD's alleged IPRA violation, as well as costs and reasonable attorney fees.

{4} CYFD moved to dismiss Plaintiff's complaint, arguing that the records that Plaintiff sought were not public records under IPRA or, alternatively, were exempt from inspection under an IPRA exception. Plaintiff responded, arguing that the records he sought were available to certain members of the public, that he qualified as one of those individuals, and that he was therefore entitled to inspect the CYFD records under IPRA. Following a hearing, the district court dismissed Counts I and II of Plaintiffs complaint to the extent that they alleged an IPRA violation. The district court reasoned that Section 32A-4-33(A) of the Children's Code, which designates records concerning a party to abuse or neglect proceedings as "confidential and closed to the public," was sufficient to exempt the records from inspection under IPRA.

{5} Despite dismissing the IPRA violation in Count II, the district court granted "equitable relief" to Plaintiff under "Count II of Plaintiff's [c]omplaint, requesting injunctive relief" and entered judgment requiring CYFD to produce the requested records to Plaintiff within fifteen days. The judgment further provided that each party would bear its own costs and fees. Plaintiff appeals.

**DISCUSSION**

**{6}** We note at the outset of our analysis that CYFD produced the requested records in accordance with the district court's judgment. *See* § 32A-4-33(C). The only remaining issue on appeal is whether Plaintiff is entitled to statutory damages, costs, and attorney fees under IPRA.

**{7}** Statutory interpretation is a question of law that we review de novo. *Wood v. State of N.M. Educ. Ret. Bd.*, 2011-NMCA-020, ¶ 12, 149 N.M. 455, 250 P.3d 881. It is the goal of the courts to give effect to the intent of the Legislature, *id.*, and our policy in New Mexico is "to determine legislative intent primarily from the legislation itself." *Gila Res. Info. Project v. N.M. Water Quality Control Comm'n*, 2018-NMSC-025, ¶ 30, 417 P.3d 369 (internal quotation marks and citation omitted). We therefore look to the wording of the statute and attempt to apply the plain meaning rule, so that "when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (alteration, internal quotation marks, and citation omitted).

**{8}** To determine whether Plaintiff is entitled to attorney fees, damages, and costs under IPRA, we must first consider whether IPRA applies to the records Plaintiff requested. According to its express terms, IPRA was created to ensure that "all persons are entitled to the greatest possible information regarding the affairs of

4

government" because providing such information "is an essential function of a representative government and an integral part of the routine duties of public officers and employees." Section 14-2-5. In furtherance of this policy, IPRA therefore provides "[e]very person" with the "right to inspect public records of this state[,]" Section 14-2-1(A), and defines "public records" expansively to include

> all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business, whether or not the records are required by law to be created or maintained[.]

Section 14-2-6(G).

{9} Plaintiff's request for "all records contained" in its file related to his abuse and neglect complaint was a request for records "that are used, created, received, maintained or held by or on behalf of any public body and relate to public business[.]" *Id.* CYFD argues that Section 32A-4-33(A)'s designation of CYFD abuse and neglect records as confidential removes them from IPRA's definition of "public records" altogether. However, because CYFD fails to incorporate IPRA's explicit definition of public records anywhere in its argument, we interpret its argument as one aimed at establishing an exception to IPRA disclosure.

{10} "[T]he public's right to access information concerning the inner workings of its government is considerable, [but] it is not without limit." *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 2, 283 P.3d 853. And

notwithstanding the broad definition of "public records," the Legislature has enumerated certain types of records that are exempt from inspection. Section 14-2-1(A). Included among those records exempted from the public's right to inspect are those records "as otherwise provided by law." Section 14-2-1(A)(8). The "as otherwise provided by law" exception refers to statutory and regulatory bars to disclosure. *Republican Party of N.M.*, 2012-NMSC-026, ¶ 13 (internal quotation marks and citation omitted); *see id.* ¶ 16 (stating that courts analyzing an IPRA claim "restrict their analysis to whether disclosure under IPRA may be withheld because of a specific exception contained within IPRA, or statutory or regulatory exceptions"); *City of Las Cruces v. Pub. Emp. Labor Relations Bd.*, 1996-NMSC-024, ¶¶ 3-5, 121 N.M. 688, 917 P.2d 451 (stating that the "as otherwise provided by law" exception to disclosure under IPRA included records made confidential by a properly promulgated regulation).

{11}    CYFD contends that the Children's Code renders the records Plaintiff requested exempt from production under IPRA based on its "as otherwise provided by law" exception. Specifically, CYFD claims that the Children's Code exempts production of those records concerning abuse and neglect proceedings to the public. We agree. Section 32A-4-33(A)[2] of the Children's Code states that "[a]ll

---

[2] The complaint in this case was filed in 2015, and Section 32A-4-33 was amended once in 2009 and again in 2016. As such, any reference to Section 32A-

records or information concerning a party to a neglect or abuse proceeding . . . that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding *shall be confidential and closed to the public*." (Emphasis added.) Further, the statute provides that such documents "shall be disclosed only to the parties" and to a limited class of individuals who fall under any one of nineteen specifically enumerated categories, *see, e.g.*, § 32A-4-33(B)(7) (entitling law enforcement officials to records, "except when use immunity is granted" pursuant to statute); § 32A-4-33(B)(12) (entitling school personnel to records only "if the records concern the child's social or educational needs"), and to parents, guardians, and legal custodians (collectively, parents). Section 32A-4-33(C). The rights of parents to access confidential abuse and neglect records under the Children's Code is limited to situations where their child "has been the subject of an investigation of abuse or neglect where no petition has been filed." Section 32A-4-33(C).[3] While parents are not necessarily entitled to "full access to all [CYFD] records and information" automatically upon request, the Children's Code gives them "the right to petition the court" for full access to that information. Section 32A-4-33(C).

---

4-33 contained in this opinion refers to the 2009 version. *See* N.M. Const. art. IV, § 34.

[3] Limiting parent's access to "any medical report, psychological evaluation, law enforcement reports or other investigative or diagnostic evaluation[,]" as well as the results of the investigation, provided identifying information is redacted. Section 32A-4-33(C).

{12} Considering together the Legislature's clearly stated intention to make government records subject to public inspection and the equally clear language of the Children's Code designating abuse and neglect records as confidential, we conclude that our Legislature intended to "otherwise provide[]" for inspection of CYFD's abuse and neglect records by exempting them from inspection by the public. *Cf. City of Las Cruces*, 1996-NMSC-024, ¶¶ 5-7 (holding that the exception "contemplates a regulation properly promulgated to further the legislative intent" and that the exception incorporated regulation requiring confidentiality because the regulation's purpose of promoting privacy effectuated the Legislature's intent in creating the Public Employee Bargaining Act). Section 32A-4-33 therefore stands as a statutory bar to disclosure of those records to the public under IPRA's "as otherwise provided by law" exception.

{13} Indeed, we have previously noted that the confidentiality required under Section 32A-4-33 of the Children's Code "exempts the child's records from the public's right to inspect public records" under IPRA's "as otherwise provided by law" exception. *State ex rel. Children, Youth & Families Dep't v. George F.*, 1998-NMCA-119, ¶¶ 9, 17 n.1, 125 N.M. 597, 964 P.2d 158 (noting that records of abuse and neglect proceedings are exceptions to the general rule that most government agencies are required by law to reveal public records to any person who requests to inspect them). In *George F.*, we reasoned that such an exception

8

was appropriate because "[t]he policy that exempts abuse and neglect proceedings from the requirement that government records be open exists to protect the child and the family," not CYFD. *Id.* ¶ 17 n.1. We agree with and find the reasoning of *George F.* persuasive.[4]

**{14}** Plaintiff claims he is both a member of the public and a parent and is therefore entitled to the records under IPRA. However, because the public is not entitled to inspect the confidential CYFD records Plaintiff sought, we conclude that the records at issue are not subject to broad disclosure under IPRA. Plaintiff was entitled to access the requested records based on his status as a parent under the Children's Code and received that access. Plaintiff is not entitled to collect damages, costs, or attorney fees under Sections 14-2-11(C) or 14-2-12(D). Plaintiff points to nothing to suggest Plaintiff is entitled to costs and attorney fees based on the language of Section 32A-4-33 or the Children's Code. We see no basis to conclude that the district court erred in denying damages, attorney fees, and costs.

---

[4] Though *George F.* applied a prior version of IPRA and was issued at a time when courts decided disclosure issues under IPRA by weighing the public interests at stake, *see Republican Party of N.M.*, 2012-NMSC-026, ¶¶ 15-16 (overruling cases applying the "rule of reason" in which courts determined whether disclosure under IPRA should occur based on whether it is in the public interest), those distinctions are not relevant here, as the applicable language of both statutes remains the same and the case did not utilize the now-rejected weighing analysis. *See George F.*, 1998-NMCA-119, ¶ 9; *compare* § 14-2-1(A)(8) (2011), *with* § 14-2-1(F) (1993).

**CONCLUSION**

{15}    We affirm the district court.

{16}    **IT IS SO ORDERED.**

_____

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**