This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36835**

**AUGUSTINE STANLEY,**

Plaintiff-Appellant,

v.

**COUNTY OF BERNALILLO, BERNALILLO COUNTY COMMISSIONERS, TOM ZDUNEK, County Manager, RAMON C. RUSTIN, Chief of Corrections,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Law Offices of E. Justin Pennington
E. Justin Pennington
Albuquerque, NM

for Appellant

Kennedy, Moulton & Wells, P.C.
Deborah D. Wells
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}**    Plaintiff appeals the district court's dismissal of his amended complaint for failure to state a claim pursuant to Rule 1-012(B)(6) NMRA. The amended complaint alleged a violation of the New Mexico Human Rights Act (NMHRA), NMSA 1978, §§ 28-1-1 to -14 (1969, as amended through 2019), following termination of Plaintiff's employment due to

the use of medical cannabis as authorized by the Lynn and Erin Compassionate Use Act (CUA), NMSA 1978, §§ 26-2B-1 to -10 (2007, as amended through 2019).[1] We hold Plaintiff was not entitled to protection under the NMHRA and affirm.

**DISCUSSION**

**{2}** The NMHRA prohibits an employer from discharging an employee based on a serious medical condition or handicap, "unless based on a bona fide occupational qualification or other statutory prohibition[.]" Section 28-1-7(A). Further, the NMHRA makes unlawful an employer's refusal or failure to accommodate a serious medical condition or handicap, unless "such accommodation is unreasonable or an undue hardship." Section 28-1-7(J). The district court dismissed Plaintiff's NMHRA claims pursuant to Rule 1-012(B)(6) on the basis that adverse employment action for the use of cannabis was not unlawful discrimination because cannabis use was expressly prohibited by federal statute and cannot be regarded as a necessary reasonable accommodation.

**{3}** On appeal, Plaintiff raises two arguments. First, Plaintiff argues the district court erred in concluding that the use of medical cannabis is illegal under federal law. Second, Plaintiff asserts that even if medical cannabis is illegal under federal law, it must nevertheless be considered a reasonable accommodation under the NMHRA. Plaintiff contends that the Legislature, in decriminalizing cannabis pursuant to the CUA then in effect, acknowledged that medical cannabis is a reasonable and necessary medical treatment, and articulated a public policy that participants may use medical cannabis without penalty of any kind. We review a district court's dismissal of a case under Rule 1-012(B)(6) and issues of statutory construction de novo. *Cordova v. Cline*, 2017-NMSC-020, ¶ 11, 396 P.3d 159.

**{4}** We decline to address Plaintiff's contention on appeal that the use of medical cannabis is not illegal under federal law because the federal legality of medical cannabis was not at issue before the district court. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *Am. Bank of Commerce v. U.S. Fid. & Guar. Co.*, 1973-NMSC-078, ¶ 2, 85 N.M. 478, 513 P.2d 1260 ("A party cannot change his theory on appeal."). Indeed, Plaintiff expressly conceded below that his claim was of "entitle[ment] to protection under the NMHRA notwithstanding his use of medical cannabis, an illegal drug under federal law." In short, the argument that medical cannabis is not illegal under federal law was not preserved in the district court and is not properly before this Court. We therefore decline to consider this argument further.

**{5}** Plaintiff's second argument rests on public policy—that the Legislature, in enacting the CUA in 2007, intended to allow participants to use medical cannabis without penalty. The Legislature, however, addressed the intended scope of the 2007 CUA when it amended the statute in 2019 and created an entirely new section of the

---

1Defendants do not concede that Plaintiff's first amended complaint alleges a NMHRA claim. However, for purposes of this opinion we assume Plaintiff adequately pled a NMHRA claim in his first amended complaint.

CUA to address employment protections for medical cannabis users. *See* § 26-2B-9(A) ("Unless a failure to do so would cause the employer to lose a monetary or licensing-related benefit under federal law or federal regulations, it is unlawful to take an adverse employment action against an applicant or an employee based on conduct allowed under the [CUA]."). Because the statute does not expressly identify retroactive application, we consider Plaintiff's appeal pursuant to the provisions of the prior version of the CUA, which contains no language providing employment protections for cannabis users. *See Wood v. N.M. Educ. Retirement Bd.*, 2011-NMCA-020, ¶ 21, 149 N.M. 455, 250 P.3d 881 ("The general rule is that statutes apply prospectively unless the Legislature manifests clear intent to the contrary." (alteration, internal quotation marks, and citation omitted)).

**{6}** "We presume that the [L]egislature is well informed as to existing statutory and common law and does not intend to enact a nullity, and we also presume that the [L]egislature intends to change existing law when it enacts a new statute." *Inc. Cty. of Los Alamos v. Johnson*, 1989-NMSC-045, ¶ 4, 108 N.M. 633, 776 P.2d 1252; *see Blackwood & Nichols Co. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-113, ¶ 15, 125 N.M. 576, 964 P.2d 137 (holding that the substantial revision of a statute materially changed existing law, not merely clarified it); *see also State ex rel. Bird v. Apodaca*, 1977-NMSC-110, ¶ 12, 91 N.M. 279, 573 P.2d 213 ("[W]hen the Legislature enacts a new statute we presume that it intended to change the law as it previously existed."). By adding employment protections to the CUA as an entirely new section, the Legislature signaled its intent to effect a substantial change in the law. *See Aguilera v. Bd. of Educ. of Hatch Valley Schs.*, 2006-NMSC-015, ¶ 20, 139 N.M. 330, 132 P.3d 587 ("Normally, the [L]egislature will signal its intent to effect a substantial change in the law, and it did not do so in this instance. The [applicable] amendment, adding only [a] definition, appears more like a supplementary act rather than an amendatory act, as it simply adds to, or completes, or extends that which is already in existence without changing or modifying the original." (internal quotation marks and citation omitted)). Indeed, if the prior version of the CUA was intended to include employment protections, the Legislature would not have needed to make such a substantial change to the statute. *See id.* (indicating that modest changes to a statute may signify an intent to clarify rather than change the existing law). For example, the Legislature could have clarified its pre-existing statutory limitation on the use of medical cannabis in the workplace, NMSA 1978, § 26-2B-5(A)(3)(c) (2007, amended 2019) (stating that participation in a medical use of cannabis program does not relieve the patient from "criminal prosecution or civil penalty for possession or use of cannabis in the workplace"), but instead chose to enact an entirely new subsection of the CUA to address employment protections.

**{7}** Given the substantive changes made to the CUA and the Legislature's silence on retroactivity, it would be contrary to the canons of statutory construction and render useless the 2019 amendment to the CUA to conclude that the Legislature intended for the CUA to provide employment protections prior to the enactment of Section 26-2B-9 in 2019. *See State v. Nick R.*, 2009-NMSC-050, ¶ 28, 147 N.M. 182, 218 P.3d 868 ("This Court has long held that we must avoid constructions of statutory amendments that would render the change unnecessary and meaningless." (internal quotation marks and

citation omitted)). Accordingly, because the use of medical cannabis was not a protected activity in employment matters under the CUA in effect at the time of Plaintiff's lawsuit, we cannot conclude that the Legislature intended, as a matter of public policy, that medical cannabis be considered a reasonable accommodation for purposes of Plaintiff's NMHRA employment discrimination claim. Thus, the district court did not err in concluding that Plaintiff failed to state a claim under the NMHRA.

**CONCLUSION**

**{8}**     For the foregoing reasons, we affirm.

**{9}     IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**